PHELPS
v.
GREEN.

---

PHELPS *against* W. GREEN, and sixteen other Defendants.

*January* 31, If any doubt arises on a bill for a partition, to the extent of the undivided rights and interests of the parties, the usual course is, to direct a reference to a Master to inquire and report on them, as the estate and interest of the parties must be ascertained before a commission is awarded to make partition. But where the title is suspicious, or litigated, it must first be established at law before this court will interfere.

Where the plaintiff's right to one undivided moiety was admitted by all the defendants claiming the other moiety, but they differed among themselves as to their titles and interests, some of the defendants claiming the whole moiety in fee, and the others claiming and enjoying separate portions of it, and asserting a freehold estate therein, the court ordered partition to be made between the plaintiff and all the defendants, aggregately; dividing the premises into two equal moieties, so as to give one moiety to the plaintiff in severalty, and leaving the other moiety to be divided between the defendants, on a further application to the court, when their conflicting claims should have been established at law; the plaintiff, in the mean time, to pay his own costs of suit, and the expenses of the commission, reserving the question as to the defendants' proportions of costs, until such further application.

BILL for the partition of land. The plaintiff stated, that being seised in fee of an equal and undivided moiety

of lot No. 2, in the second allotment of the *Oriskany* patent, containing 740 acres, he, on the 12th of *September*, 1803, took possession of the *Westerly* half part of the premises, the *easterly* half being in possession of some or all of the defendants. That he has since continued in possession of the *westerly* part, and made great improvements thereon. That there are various conflicting claims as to the other moiety of the lot. That *Joseph Winter* was seised thereof, in trust for *Patrick Heatley*, who, by deed, dated *August* 8, 1806, released his right to *Temperance Green*, for her life, with power, by her will, to appoint uses and trusts among her nine children, defendants. That two of the children are infants. That by a decree of this court, of the 5th of *October*, 1815, *J. W.* was ordered to release to *Mary* and *Henry Green*, in fee, and in trust, &c. all the lands held by him, in trust, &c. That the *six* defendants last named, severally possess parts of the *eastern* half of the lot, claiming the same in their own right, as tenants in common with the plaintiff. That all the defendants possessing the *eastern* half have made extensive improvements.

That partition of the lot can be made so as to save the plaintiff his improvements, and do justice to all the persons interested. That the defendants refuse to come to a partition, and the six last-named defendants refuse to show their title deeds, and the plaintiff is uninformed of their interests in the lot. The plaintiff *prayed*, that all the defendants may state what interest they have in the lot; that the last six may produce their deeds under which they claim, for the inspection of the court, and that the lot may be decreed to be divided between the plaintiff and such of the defendants as have an interest therein, so as each one may have his improvements, if the lot can be equitably divided in that manner; that a commission may issue for that purpose; and that all proper parties

may join in executing to each other all necessary deeds and conveyances, &c. The answer of *William G.* and *Temperance G.* and their children, admitted all the facts stated by the plaintiff, and consented to a partition, claiming the other undivided moiety, and stating, that *H. G.* and *M. G.* were seised thereof, in trust, &c. That the six defendants, last named, are in possession of their moiety, but that they have no right or title.

The answer of five of the other defendants admitted the title of the plaintiff; but set up an estate for three lives, as to 200 acres, in their several possessions. They denied all knowledge of the title of the other defendants, and consented to a partition, whenever the court should determine their respective rights.

The answer of the last defendant admitted the plaintiff's title, and set up a life estate in 150 acres, in his possession; and consented to a partition, &c.

General replications were filed to the answers; but no witnesses were examined on either side.

*S. Ford*, for the plaintiff.

*Gold* and *Sill*, for the defendants, *W.* and *T. Green*, and their children.

*W. A. Duer*, and *H. R. Storrs*, for the six other defendants.

THE CHANCELLOR. When the question arises on a bill for a partition, as to the undivided rights and interests of the parties, the usual course is to direct a reference to a Master to inquire and report. The court must first ascertain the estate and interest of the parties respectively, before the commission to make partition can be awarded. This course was followed in *Agar* v. *Fairfax*, (17 *Vesey*, 533.) But this is a peculiar case, and that course cannot

well and safely be pursued. The plaintiff's right to an undivided moiety of the lot is admitted, and all the defendants are consenting to a partition, so far as respects the division of the lot into equal moieties. The dispute is between the defendants, as to their title and interest to the other moiety. Six of the defendants are in possession, claiming and enjoying separate portions of that moiety, and they set up a freehold estate in the same. The remaining defendants who are not in possession, claim the whole of that moiety, by a present vested interest in fee. It is not proper that such a controversy should be tried by a reference. It is a question of legal title, and should be settled at law. In *Wilkin* v. *Wilkin*, (1 *Johns. Ch. Rep.* 111.) it was understood, that if the title was doubtful, or disputed, it must be first established at law, before partition was to be made ; and in that case the question was referred to a court of law. Partition is matter of right, where the title is clear; but not otherwise. If the title be suspicious, a court of equity as the Vice Chancellor observed, in *Baring* v. *Nash*, (1 *Vesey* and *Beames*, 557.) may well pause in directing partition. The reference seems to apply, not to the case where the title is litigated, but to cases of doubt and difficulty, as to the extent of the undivided interest of the respective claimants.

It appears to me, therefore, that in this case, the partition ought to be confined to the right of the plaintiff, and to that of the defendants, considered aggregately ; and that as to the conflicting claims between the defendants, they ought to be settled at law before any further partition be made. The costs of the partition must, in such case, in the first instance, fall upon the plaintiff, for until the rights and interests of the defendants are ascertained, they cannot justly be called upon to contribute. The *English* rule as to costs on partition, seems now to be, (17 *Vesey*, 558.) that no costs are given until the commission ; and that the costs of issuing, executing, and confirming the

1818.

PHELPS
v.
GREEN.

**1818.**

**PHELPS**
**v.**
**GREEN.**

Costs on parti-
tion.

commission, are borne by the parties, in proportion to the value of their respective interests, and that there should be no costs of the subsequent proceedings. But the practice in this court is, to charge the costs of the suit upon the parties respectively, in proportion to the value of their respective rights; and this rule is adopted by analogy from the statute, which gives the like costs on the proceeding in partition in the courts of law.

*Decree.*

A decree was accordingly entered, declaring that, "it appearing by the admission of all the defendants, that the plaintiff is entitled in his own right, in fee, to one equal undivided moiety of lot No. 2. in the 2d allotment of *Oriskany* patent, and that he has been in possession of the westerly half of the said lot since 1803, and has made valuable improvements thereon; and it further appearing, that the other equal undivided moiety of the said lot is claimed by the several defendants, who set up a title to unequal interests, and advance conflicting claims, inasmuch as the defendants, *Mary Green* and *Henry Green*, claim a present interest in fee to the whole of the said moiety, in trust, &c. and inasmuch as the six defendants last mentioned in the bill, claim to have freehold estates, or other interests, in and to the said undivided moiety; and it further appearing, that the six defendants aforesaid are in possession in pursuance of their claim, of this *easterly* half of the said lot, and have made valuable improvements thereon, and that as between each other there are no conflicting claims either as to title or possession; and inasmuch as all the defendants consent to a just and equitable partition, quantity and quality relatively considered, exclusive of improvements, and the eleven defendants first named in the bill expressly consent that the westerly half of the lot be allotted to the plaintiff, according to a just partition as aforesaid: *Ordered, &c.* that partition of the lot be made into two equal moieties, by metes and bounds, quality and quantity relatively considered, ex-

clusive of improvements, and that one moiety be assigned to the plaintiff; and if it can be done consistently with a just and equal partition as aforesaid, that the lot be so divided as that one moiety shall include the improvements and possession of the plaintiff, and that such moiety be assigned to the plaintiff. *Ordered,* also, that a commission issue, &c. and that the moiety allotted to the plaintiff be held and enjoyed by him in severalty, and that when the conflicting claims of the defendants shall have been settled at law, they be at liberty to apply to this court, on the foot of this decree, to have further partition of the other moiety of the lot, according as their legal rights shall appear; and that the question as to what proportion or part of the costs ought to be borne by the defendants or either of them, be reserved until such applicattion; and that, in the mean time, the plaintiff pay his own costs of this suit, and the costs of executing the said commission.