Mattair and others v. Payne and others.

1. When a bill of complaint contains such a variety of subjects of litigation not proper to be joined, and of parties not properly joined, and as to some of the matters other parties are necessary, the court may, *sua sponte,* dismiss the bill as multifarious, whether the bill be or be not demurred to for such causes.

2. A bill in equity to set aside a deed or mortgage cannot be sustained without the presence of the grantee or mortgagee; and with such matters cannot be joined a demand for rents and profits.

3. A demand for rents and profits, or for use and occupation, cannot be recovered in a suit in equity for a partition.

4. A decree of partition cannot be had while the premises are held adversely by other parties. The legal title must be first established.

5. Equity is not the proper forum nor a bill in partition the proper action for trying the legal title to lands.

Appeal from the Circuit Court of Nassau county.

*John Friend* for Appellants.

*Cooper & Ledwith* for Appellees.

RANDALL, C. J., delivered the opinion of the court.

The purposes of this suit, as appears from the bill of complaint, are as follows:

1. To recover from the defendants for the use and occupation of a certain hotel property in Fernandina from February, 1866; second, to set aside a deed executed by Emeline Coy, Amelia Crichton and others, complainants, to John M. Payne upon a general allegation of fraud, and also because of the imperfect execution of the deed, the said John M. Payne, (defendants' grantor,) not being made a party to the suit; third, to set aside the conveyance by John M. Payne to the defendants; fourth, to enjoin the defendants from ever setting up any title or interest in the premises under said conveyance; fifth, to set aside a mortgage executed

by Amaziah Coy, deceased, (from whom complainants derive title,) to Joseph Finegan, (without making Finegan a party to the suit;) sixth, to procure a sale by a master or commissioner of the premises; seventh, for a distribution of the proceeds of the sale and of the rents and profits among the complainants as heirs-at-law and the widow of said Amaziah Coy, deceased.

The deed of Emeline Coy, the widow, and Amelia Crichton and Caroline Dupray, was made for the consideration of ten thousand dollars and purported to convey the entire property in fee simple, with full covenants of warranty, to John M. Payne, who paid $5,510 in cash, and gave a mortgage for $4,490, the business being transacted through Joseph Finegan, the mortgagee, under which deed Payne went into possession. John M. Payne conveyed to defendants in April, 1871, since which time they have been in possession. Henry L. Mattair and three others, the children of a daughter of A. Coy, deceased, claim an interest as heirs-at-law not affected by the conveyances.

The defendants claim to be *bona fide* purchasers without notice and for a valuable consideration. They allege that Mrs. Emeline Coy is the widow and administratix of A. Coy, deceased; that there are large debts unpaid against the estate; that she has not fully administered; that the property in question was the only property of the deceased, and various other matters; and claim that there can be no partition and distribution of the property among the heirs until the final settlement of said estate. They further say that the $5,510 paid by John M. Payne was used in paying debts of the deceased. Defendants also demurred to the bill for multifariousness and other causes.

It is difficult to determine from the bill of complaint the precise status, legal or equitable, of the parties or the property. As to the question of fraud, there is a mere general allegation not supported by any facts, but negatived by the alleged facts.

The several matters grouped together in the bill are so incompatible and multifarious, that no other decree can be made upon the whole case in justice to all parties except to dismiss the bill without prejudice, in order that the several interests of the various parties may be protected.

The demand for an accounting of rents and profits; for setting aside deeds and mortgages; determining the rights of persons not parties; for adjusting legal titles and equitable titles; for the possession of lands; for a sale and partition of the proceeds of lands held adversely to the defendants, cannot be adjusted in one proceeding at law or in equity.

As appears from the bill, some of the complainants have a legal interest in the property as the heirs of Amaziah Coy, and some of them have parted with their interests, and the defendants, the grantees of John M. Payne, have become invested with an interest and are in possession, holding adversely to the complainants. We do not mean by this to determine what are the rights of any of these parties farther than that this is what may be gathered from the allegations in the pleadings.

It was insisted by the defendants that something in the case of Coy vs. Downie (14 Fla., 544) adjudicated some of the questions involved here as to the title. This is an error. That suit was brought to foreclose the mortgage given by John M. Payne, and the facts stated in the pleadings were commented upon with reference to the right to foreclose. There was no issue in the case upon which any judgment could be given determining the title of these parties. In the case referred to, the court assumed what was asserted by both parties to be a fact. The judgment given affected that suit only, upon the facts then and there stated. Treating this suit as an action to recover rents and profits even with proper parties, it is suggested that an action of ejectment for the recovery of the possession would be the more proper form, if the complainants have good title and right of possession.

Treated as a suit in partition, it cannot be maintained with these parties and with the legal interests involved in such conflict as here presented, and with the adverse possession of these defendants as against the plaintiff collectively as they appear from the bill of complaint. (Burhans vs. Burhans, 2 Barb. Ch. R. 398 ; Manners vs. Manners, 1 Green's Ch. R., (N. J.,) 384 ; Wilkin vs. Wilkin, 1 Johns. Ch. 111 ; Phelps vs. Green, 3 Johns. Ch. 302 ; Clapp vs. Bromagham, 9 Cowen, 530 ; Cartwright vs. Pultney, 2 Atk., 380 ; Blynman vs. Brown, 2 Vernon, 232.)

As a bill for partition, it is improvidently brought, if the fact be, as alleged in the answer, that Mrs. Coy is the administratrix of Amaziah Coy, deceased, that the property in question constitutes the assets of the estate, that there are debts remaining unsettled against it and it is unadministered.

As a bill to set aside conveyances for fraud, it improperly includes a demand of rents and profits, and is bad for want of proper parties as well as for the joinder of improper parties.

With all the facts stated in the bill and answer, the estate of A. Coy, deceased, being unsettled, the title of his heirs is only *sub modo ;* the rights of the widow and the heirs, subject also to the mortgage to Finegan according to the bill, a sale under proceedings for partition would be productive of little benefit to any of the parties.

There are other matters which it would seem from the facts stated should be settled before partition, as the rights of John M. Payne under his purchase with reference to the Finegan mortgage; if it be true that the $5,510 paid by him was used in paying that mortgage and the other debts of the estate ; and what rights enured to John M. Payne under the imperfect deed, and whether, if the deed to him conveyed no estate of the grantors, he has any right to be subrogated to the rights of Finegan under his mortgage, Payne's money having been applied to that mortgage.

There seems to be no better way to put these parties in their proper position to assert their legal and equitable remedies and disentangle them from the labyrinth of confusion in which they appear to be involved, than to dismiss the whole proceeding. This is sanctioned by Story's Eq. Pleadings, Section 271, and cases cited, whether the bill be demurred to or not.

The decree dismissing the bill is affirmed, with the modification, however, that the order of dismissal should be without prejudice to the complainants, or either of them, as to future proceedings.