ELISHA SHEPHERD AND HULDAH E. SHEPHERD v. HANNAH
RICE AND MALVINA R. MCCAMMON.

*Partition—Final order—Costs.*

A decree determining the legal estate of parties in lands is final
and appealable ; it is too late to examine the merits of the case
on an appeal from any subsequent order made for the purpose
of enforcing it.

Costs and charges of partition proceedings should be apportioned
against the defendants in the decree. Comp L., § 6333.

Appeal from Eaton. Submitted Feb 1. Decided April 3.

BILL OF PARTITION. Defendants appeal.

*Hughes, O'Brien & Smiley* for complainants. On an
appeal from a decree confirming the report of commis-
sioners in partition proceedings, the previous decree of
partition, disposing of the merits, cannot be considered.
*Benedict v. Thompson,* 2 Doug. (Mich.), 299.

*Henry A. Shaw* for defendants. Costs in partition are
charged on the parties in proportion to their respective
rights.    *Phelps v. Green,* 3 Johns. Ch., 302; *Tibbits v.
Tibbits,* 7 Paige, 204.

MARSTON, J. This is an appeal from a final decree in
partition of certain lands between these parties. An
important question is presented at the outset as to what
may properly be considered upon this appeal.

The bill was filed in November, 1866, proofs were
taken, a hearing had, and a decree rendered upon the
13th day of June, 1868. By this decree it was ordered,
adjudged and decreed that "the legal estate and rights
of the several parties in this cause to the premises
described in the bill of complaint are as follows":

That Elisha Shepherd was seized and entitled to an
estate in fee of an undivided two thirds of the premises;

that Hannah Rice was entitled to a right of dower in all the premises, to be set out according to the value of the premises April 3d, 1851; that Malvina McCammon was entitled to the remission in fee in such parcel as should be set up for the dower of Hannah Rice, and that Elisha Shepherd's two thirds should be construed to be all of said premises, except such as should be set out for the dower of Hannah Rice; and that Huldah E. Shepherd had such interest only as results from her being the wife of complainant.

The decree then proceeded to order a partition of the premises to be made according to the rights thus declared. It was farther ordered and decreed that it be referred to a commissioner to inquire into and report the situation of the premises, and whether they could be partitioned without prejudice to the owners, and all farther directions were reserved until the coming in of the report.

On the 19th day of March, 1870, the commissioner reported that the premises could be divided. June 24th, 1870, another decree was entered ratifying and confirming the commissioner's report and appointing commissioners to make partition in pursuance of the decree of June 13th, 1868.

May 16th, 1871, the commissioners appointed to make partition made their report. This report was by a final decree filed May 31st, 1877, ratified and confirmed. From this last decree an appeal was taken.

It seems to me very clear that the decree of June 13th, 1868, was an absolute decree which settled the rights of the parties. The statute declares that such shall be the effect of the decree. § 6285. It related directly to the merits of the controversy, and was a decision made upon the proofs and issues in the cause. All farther proceedings thereafter taken in pursuance of this decree in order to carry it out—and this was all that was afterwards done—were but in execution of it. That an appeal could have been taken from this decree there can be no possible doubt. *Damouth v. Klock,*

28 Mich., 163; see also *Lewis v. Campau*, 14 Mich., 460; *Kingsbury v. Kingsbury*, 20 Mich., 214; *Barry v. Briggs*, 22 Mich., 204.

The entire merits of this controversy were determined by this first decree and it is too late now to examine into the merits of the case. And the brief of counsel makes no complaint other than those going to the merits, except that the costs should be charged upon the parties in proportion to their respective rights in partition cases. *Phelps v. Green*, 3 Johns. Ch., 302; *Tibbits v. Tibbits*, 7 Paige, 204. The court should in accordance with the provisions of § 6333 have adjudged and decreed what proportion of the costs and charges should be paid by each defendant, and the cause may be remanded for such purpose. In all other respects the decree to stand with costs to complainant.

The other Justices concurred.