JUNE TERM, 1894. 607

Minnie Halle et al. v. Meinhard Bros. & Co.—Opinion of Court.

MINNIE HALLE ET AL., APPELLANTS, VS. MEINHARD
BROS. & CO., APPELLEES.

Under Section 2 of Article XI Constitution of 1885, a married wo_
man's separate statutory real or personal property is chargable
in equity with the price of any property purchased by her.
(*For a decision of the law applicable to this case, see Halle et
al. vs. Einstein, decided at this term*).

Appeal from the Circuit Court for Duval
county.

The facts of the case are stated in the opinion of
the court.

*A. W. Cockrell & Son*, for Appellants.

*Cooper & Cooper*, for Appellees.

MABRY, J. :

A bill was filed in this case by appellees, a mercan-
tile firm, in June, 1890, against appellants, and, after
being amended, it is therein alleged that Minnie Halle
was, in 1888, and at the time of filing the bill, a mar-
ried woman, the wife of Phillip Halle, and during said
time she was engaged in the business of buying and
selling goods, such as clothing, furnishing goods, and
stock of that character, in the city of Jacksonville;
that during said time appellees sold her the goods as
itemized in accounts filed with the bill, amounting to
the sum of $613.75, which she promised to pay, and
that said goods were sold upon her sole credit, to be-
come her separate statutory property, and upon the
credit of her separate statutory propery, real and per-
sonal, described in the bill; that said goods sold to her
were for the benefit of her said property, and for the
purpose of replenishing her stock of merchandise in the

usual course of business, and went into and enhanced said stock of goods and replenished the same; that she was then the owner of a stock of goods used in the business in her name, a large part of which was owned by her when she purchased said goods from appellees, and the balance was purchased with proceeds of such goods and those sold to her by appellees; that appellees sold said goods upon the credit of her said separate statutory property, and to be paid for by her out of her said separate statutory property generally, and it was so understood and agreed between her and appellees at the time; that at the time said goods were sold by appellees, Minnie Halle was the owner in fee, as her separate statutory propery, of the east thirty feet of lot number six (6), and all of lot number seven (7) in Block 71, according to the old numbers, or the I. D. Hart map of the city of Jacksonville, and that on the 17th day of July, 1889, Jacob R. Einstein filed his bill against Minnie Halle, and on the 25th day of said month she and her husband executed a deed to the said east thirty feet of lot six (6), Block 71, to defendant Isador Grunthal, and caused the same to be recorded in the records of deeds for Duval county. It is alleged that said conveyance to Grunthal was without any valuable consideration, and was executed for the sole purpose, design and intention of hindering, delaying and defrauding the creditors of said Minnie Hale, and to prevent them from collecting their debts out of her said property. That no part of the price of said goods sold to her by appellees has been paid, except $66.25 for merchandise returned and two payments of $50 each, and that said goods having been sold to Minnie Halle upon the sole credit, and for the benefit of her said separate statutory property, real and personal, and having become a part of her said

stock of goods, constitute a charge in equity upon all of her said estate, and so much as may be necessary to pay appellees' claim should be sold and applied to that purpose.

Certain interrogatories are propounded touching the transaction of the conveyance to Grunthal, but they need not be set out here.

The special prayer is, that the deed to Grunthal be declared fraudulent, and cancelled; that an account be taken of what was due appellees on the accounts mentioned, and that the said separate statutory property of Minnie Halle be sold in accordance with law and the practice of the court, and the proceeds applied to the payment of the claims of appellees, and costs of the suit.

Grunthal, Phillip and Minnie Halle answered the bill, and with their answers filed demurrer. The grounds of demurrer filed by each one are the same, and are: (1) Complainants have not in their bill made such a case as entitled them to any relief against demurrants. (2) It does not appear from the bill that complainants have a lien at law or in equity upon the property therein sought to be subjected to sale to pay the debts therein set up. (3) It does not appear by the allegations of the bill that complainants have any equity capable of being enforced as a lien. This demurrer was overruled, and from the decree overruling it an appeal has been taken.

The demurrer, in our opinion, was properly overruled. In view of what has been said in the case of Halle vs. Einstein, decided at this term, it is not deemed necessary to go into any extended discussion of the points raised on this appeal. They are the same

39

as those presented in the case referred to.   We hold that under Section 2 of Article XI of the Constitution of 1885, a married woman's separate statutory real or personal property is chargable in equity with the price of any property purchased by her, and the bill before us makes such a case.

It appears from the bill that one of the lots sought to be subjected to the payment of property purchased by the married woman was conveyed by her after the purchase was made, and before the bill was filed, but it is alleged that said conveyance was fraudulent and without consideration.   If this be true, and it must be so taken on demurrer, the property conveyed would still be subject to the wife's debt, the same as if such conveyance had not been made.

The decree appealed from is affirmed, and it will be so ordered.