NICAKBUD BARCO, APPELLANT, V. JENNIE L. DOYLE, AS
EXECUTRIX OF THE LAST WILL OF W. C. DOYLE, DE-
CEASED, AS WELL AS IN HER OWN RIGHT, JENNIE DOYLE
WALKER, JOHN C. DOYLE, KATE DOYLE, BELLE DOYLE
AND MAY DOYLE, APPELLEES.

1. Where there are contradictory or inconsistent allegations in
   a bill, its equity will be tested by the weaker rather than
   by the stronger allegations.

2. A bill to remove a cloud does not lie against a defendant
   alleged to have possessed himself of certain of the lands,
   to have leased others of them to other parties and to be
   otherwise attempting to exercise control of all the lands.

3. A bill to set aside a duly recorded satisfaction of a mort-
   gage on the ground of mistake will not lie against one
   who purchased under execution sale against the mort-
   gagor, where the mortgagor is not a party, and the pur-
   chaser is not shown to be connected with the satisfaction
   agreement or to have had other than the record knowledge
   thereof and the only mistake alleged is the reliance by
   complaint on a statement by the mortgagor and his attor-
   ney as to the non-existence of a public record of a judg-
   ment affecting the mortgaged property.

4. A decree setting aside a mortgage satisfaction agreement
   and ordering a sale of the mortgagors interest in the
   mortgaged lands, under a proceeding to which the mort-
   gagor is not a party, will be reversed.

5. Where complaint after filing an original bill, an amended
   bill, an amendment to an amended bill and a second
   amended bill, fails to state a case, further amendment is
   not as of course, but in reversing the case the bill is or-
   dered dismissed, without prejudice.

This case was decided by Division A.

Appeal from the Circuit Court for Citrus County.

*H. L. Anderson,* for Appellant.

*T. S. Coogler & Son* and *Angus Patterson,* for Appellees.

COCKRELL, J. The appellees, after several amendments filed an amended bill in February, 1904, in which they allege substantially as follows: that in April, 1882, W. C. Doyle, through whom they claim by devise or inheritance, now deceased, entered into a partnership with one A. S. Mann, for the purpose of buying, entering and selling lands and that Doyle put into said partnership five thousand dollars in cash, of which sum Mann should have contributed one half, but being unable to do so, he gave his note to Doyle for that amount, bearing six per cent. interest; that the five thousand dollars was invested in United States and State lands in Hernando county, as then organized, these lands being entered in part in their joint names, in part in the name of A. S. Mann and in part in the name of W. C. Doyle, but each owning a half interest in the lands; that the lands were to be sold at such prices and on such terms as would be agreeable to both Doyle and Mann, and as Doyle had furnished all the money, Mann was to take the active management of the sales, free of charge, while the taxes and other necessary expenses were to be shared equally; and to secure and make certain the payment of said note of $2500.00 and the interest thereon to said Doyle it was agreed and declared that a special lien on the said A. S. Mann's interest in all of said lands was thereby given to and retained by said Doyle until said note and interest thereon should be paid, and out of the sales first made the proceeds were to be equally divided, to-wit: one half to the said Doyle in his own right, and the other to be credited

on said note until principal and interest were paid, after which the proceeds of all sales, or the corpus of the land should be equally divided one-half to said Doyle and the other half to said Mann. All of these lands were selected in Hernando county (as it then existed in 1882) except a small fraction on the Withlacoochee river, and all the expenses incident to surveying the same were paid and settled by and between Doyle and Mann at the date of the execution of the articles of co-partnership, which said articles of co-partnership were recorded in Mortgage Book "I" on page 156 in the office of the Clerk of the Circuit Court of Hernando county, Florida, on the 20th day of April, A. D. 1882, and upon division of the county was transcribed to Mortgage Book "I" on page 43 of the records in the Clerk's office of Citrus county (and a certified copy thereof is filed with the original bill marked "Exhibit A" and is made a part of this bill) ; that Doyle during his life time and since his death in November, 1882, his heirs, paid all the taxes and other necessary charges amounting to a large sum, no part whereof has been paid by Mann.

That in the management of the estate of W. C. Doyle, in order to secure a friendly settlement with Mann, who had paid nothing on his note. Jennie L. Doyle, as executrix, being a non-resident and ignorant of any judgments against Mann, and having been advised by Mann and his attorney that there were no judgments affecting this land, in March, 1898, entered into an agreement with Mann whereby for the sum of three hundred dollars she executed under seal a full satisfaction of "all matters and things, claims and demands whether in law or in equity" and at the same time took from Mann and wife a quit claim deed of their interest in the land, but no considera-

tion, except the deed from Mann was given for the mort-gage, the executrix relying on the representations of Mann and his attorney that there were no judgments against Mann and "that the Doyle estate was receiving by said deed from A. S. Mann a good and sufficient title; that the lands are wild and unimproved."

That on July 15, 1895, there was entered in the clerk's office of Citrus county, which county had been carved out of Hernando county and contained in large part the lands mentioned above, a deficiency judgment against said Mann, in the sum of $5,101.05, arising out of a foreclosure proceeding in Hillsborough county theretofore instituted by the executors of John F. Dunn, deceased, against the said Mann, on which judgment execution issued in April, 1900; that in the settlement of the Dunn estate, this judgment was bought at public sale for a nominal sum by Barco who knew "all the facts and circumstances connected with the said contract and settlement between said A. S. Mann and the Doyle estate and of the existence of said mortgage;" that after the purchase of the judgment Barco caused the execution thereon to be levied upon a large portion of the lands and "all the right, title, &c. of said A. S. Mann in said lands were sold by said Sheriff of Citrus county and purchased by said Barco for a nominal sum," a sheriff's deed executed and under said deed Barco "has possessed himself of certain of said lands, and leased others of them to other parties and otherwise attempts to exercise control of all such of such lands" without complainants' consent and to their great and irreparable injury, and Barco's insolvency is alleged on information and belief.

That the amount loaned Mann for the purchase of the lands, for which a lien was given by him under the con-

tract, together with the payment of taxes and other expenses incident to the case and protection of the lands, were far in excess of the value of Mann's interest therein, and nothing has been received for the mortgage, except the deed which is entirely insufficient; that at the time of the aforesaid compromise settlement, the said Jennie L. Doyle being a non-resident, was ignorant of the Dunn judgment and was induced by Mann and his attorney to believe there were no judgments against Mann affecting the lands and on this assurance she accepted the deed and gave Mann a full discharge and acquittance of his mortgage debt as well as of other claims the estate might have against him; that all the Doyle estate received for the mortgage and lien for taxes was the quit claim deed, accepted under the assurance and belief that there was no judgment against Mann and that the property conveyed is wholly insufficient to satisfy the mortgage lien, and further that at the time Barco bought the 'Dunn judgment and before his judgment lien attached, he knew of the existence of the mortgage and had notice and knowledge of the compromise settlement had between Mrs. Doyle and Mann.

The prayers are "that the mortgage be decreed to be in existence and a valid lien superior to the judgment lien of Barco, and that the settlement as between A. S. Mann and Mrs. Jennie L. Doyle so far as it relates to the lands in Citrus county be declared ineffective and set aside;" that an account be taken of the amount due on account of the mortgage and taxes and the lands sold to satisfy the same; that Mann's half interest in the Hernando county lands be first sold and if insufficient, then the Citrus county lands; that the sheriff's deed be declared null and void on all such lands as may be sold under the decree and for general relief.

The defendant answered the bill, incorporating in the answer a demurrer for want of equity and parties. Replication was filed, the demurrer set down and overruled, and testimony taken, whereupon a decree was rendered in accordance with the prayers of the bill. From this decree the appeal is taken.

It is apparent from the foregoing statement that there is not equity in the complainants as against Barco, assuming, as we must, that they have stated the case as strongly as the facts will warrant. Herrin v. Brown, 44 Fla. 782, 33 South. Rep. 522. In their brief filed here they seek to work out an equity to remove a cloud upon title, but this they clearly can not do in the face of an allegation by them that Barco "has possessed himself of certain of said lands, and leased others of them to other parties and otherwise attempts to exercise control of all of such lands," Hughes v. Hannah, 39 Fla. 365, which renders nugatory the other allegation, whatever of force it might otherwise have "that the lands are wild and unimproved." Durham v. Edwards, 48 Fla. 324, 38 South. Rep. 926, and authorities cited therein. It is not even claimed that the bill can be sustained as a bill for partition, against which numerous objections might be urged; but it was sustained, as appears from an opinion filed by the Circuit Judge and incorporated into the transcript, as a bill to set aside the satisfaction of the mortgage upon the ground of a mistake of fact as to the existence of the Dunn judgment, and it is to this aspect of the case we shall address ourselves more particularly.

It will be noticed in the first place that A. S. Mann, by whom it is alleged the mistake was cause, is not a party, and it is his consummated contract that is to be torn up by the roots, to the detriment of Barco who is in no way connected with the making of that contract, as a party or

agent or witness. In 'the second place, the mistake of fact relied on is that Doyle's testatrix, a non-resident, did not go to the public records of Citrus county, to see what might be there disclosed as notice to the world, but relied on an alleged statement, whether of fact or of law, by Mann and his attorney that there were no judgments against Mann "affecting the lands."

In the third place, the allegations of the bill are not sufficient to hold Barco responsible for any supposed secret inducement operating as between Mann and the executrix, so as to do away with his advantage as a purchaser with only record notice. The bill does not aver guilty knowledge in Barco of the alleged false representation by Mann, but merely that at the time he bought the Dunn judgment, "he knew of the existence of the mortgage and had notice and knowledge of the compromise settlement had between Mrs. Doyle and Mann." The deeds evidencing both of these facts were duly recorded and every one is held to notice and knowledge of them. It is true that in a former part of the bill there is a general allegation that before purchasing the judgment Barco "well knew all the facts and circumstances connected with the said contract and settlement between said A. S. Mann and the Doyle estate and of the existence of the mortgage" but this general averment, even if it could by itself be construed as imputing to him knowledge of the alleged false representations as to the non-existence of a public record, is so weakened by the subsequent averment as to the extent of his knowledge as to be wholly insufficient to connect him with the fraud or mistake. Durham v. Edwards, *supra*.

It does not appear what interest if any Barco is claiming in that part of the land that is located in Hernando county. The sheriff's deed under which alone he ap-

pears to be asserting title, covered only the Citrus county land, and if the compromise agreement is to be set aside, the legal title to Mann's undivided half interest, would be revested in Mann, and the court would be powerless to act in his absence from the record.

We have carefully considered the judgment to be entered in this case. There have been filed already an original bill, an amended bill, an amendment to the amended bill and a second amended bill and complainants have failed to state a case. Under the circumstances we feel justified in reversing the decree, with directions to dismiss the bill, without prejudice, however, to the right of appellees to file an entirely new bill or to proceed at law as they may be advised. Florida Land Rock Phosphate Company v. Anderson, 50 Fla. ..., 39 South. Rep. 392, and authorities therein cited. See especially Mattair v. Payne, 15 Fla. 682.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, P. J., and PARKHILL, J., concur in the opinion.

HOCKER, J., disqualified, took no part in this decision.