ROSE NADEL AND A. G. NADEL, HER HUSBAND, *Appellants*, v. WEBER BROTHERS SHOE COMPANY, A CORPORATION, *Appellee.*

## Opinion Filed Oct. 26, 1915.

1. A married woman is not personally bound by any contract made by her partner in a mercantile business, nor do the partnership debts incurred by her partner in the transaction of the partnership business become a charge upon her separate property.

2. A married woman's disability of coverture is removed by Section 2, Article XI of the Constitution of 1885, to the extent that she may assume an obligation for the purchase price of property and such obligation may be enforced out of her separate property.

3. A married woman who has acquired an interest in a mercantile business, may by her own act, upon her sole credit purchase merchandise for the business, and for the purchase price of such goods her separate property may be subjected in equity.

4. If a married woman's separate property is sought to be subjected in equity to the payment of the price of goods purchased through her agent, the agent's authority should be clearly and specifically alleged in the bill.

5. Upon a demurrer to an original and supplemental bill the allegations of the two bills will be considered together.

Appeal from Circuit Court, Lee County; F. A. Whitney, Judge.

Order reversed.

VOL. 70, JUNE TERM, 1915.     219

Nadel et al. v. Weber Bros. Shoe Co.—Statement of Case.

*Statement.*

Weber Brothers Shoe Company, a corporation, filed its bill in equity against Rose Nadel and her husband, A. G. Nadel, for the purpose of subjecting certain real property of Rose Nadel owned by her as her separate statutory property, and described in the bill, and certain personal property alleged to be owned by Rose Nadel and C. L. Johnson in a mercantile business conducted by them under the name of the "Quality Shop," at Fort Myers, Florida, to the payment of a debt alleged to be due to the complainant corporation for goods shipped by it to the "Quality Shop," which the bill alleges was the "firm name and style" of a business in which Rose Nadel was jointly interested with "one C. L. Johnson," who was not made a party to the bill.

The bill alleges that at the time it was filed, the "Quality Shop" had a stock of goods of the estimated value of five thousand dollars, and that Rose Nadel had an undivided half interest therein, and that such interest was under the control of her husband, A. G. Nadel, who was her agent in fact and in law. It is alleged that in February, 1914, Rose Nadel, through her husband as her agent in fact and in law, contracted with the complainant for the purchase of the goods, which were shipped to her and received and accepted by the Quality Shop, and that the complainant shipped the goods as stated, relying on the promise of Rose Nadel, through her husband, A. G. Nadel to pay for the same. A list of the goods sold by the complainant is attached to the Bill of Complaint as Exhibit "A" and made a part of the bill. This list shows that the goods were sold by the "Weber Brothers Shoe

Company" to "The Quality Shop, Fort Myers, Fla." The bill alleges specifically that Rose Nadel is a married woman and interested in the said business, "The Quality Shop," together with one C. L. Johnson, and with her husband, A. G. Nadel, as "Agent and Manager of said business."

In another paragraph of the bill it is alleged that such "Goods and chattels were purchased by the said *Rose Nadel* for the use and sale in the said business known as the Quality Shop, and that such goods were sold to her in a good faith and on her credit and her representation as to the ownership of the said property both real and personal" and that the "goods were shipped to the said Rose Nadel operating under the firm name and style of The Quality Shop, located in the City of Fort Myers, Lee County, Florida, and were received by the said defendants and they then and there promised" the complainant "to pay for the same."

The bill prays for an accounting to ascertain the amount due to complainant by Rose Nadel trading under the name of the Quality Shop, that such amount be paid by Rose Nadel within a short time to be named by the court, and that in default of the payment of such indebtedness by her, that her interest in the personal property of the business as well as her real property be sold or the rents, issues and profits thereof sequestrated to satisfy the complainant's claim.

About four months after the filing of the original bill, the complainant filed its supplemental bill of complaint against the defendants, in which it was alleged that since the filing of the original bill, there had been a "dissolution of the partnership relations existing between the de-

VOL. 70, JUNE TERM, 1915. 221

Nadel et al. v. Weber Bros. Shoe Co.—Statement of Case.

fendant Rose Nadel" and "C. L. Johnson, and that the partnership property" had been divided between them, and that Rose Nadel had in her possession and control "by and under and through the management of her husband A. G. Nadel a certain stock of shoes, hats, shirts," etc., and that she held the goods free from any claims of C. L. Johnson, her former partner in the business then known as The Quality Shop. It was further alleged that the partnership was dissolved by mutual consent on the 1st day of January, 1915, and that C. L. Johnson had agreed to settle the indebtedness of the former firm, but the complainant had not agreed to, nor accepted such offer, nor released Rose Nadel, nor the property from the payment of the debt. The bill prays that the "said personal property consisting of the stock of goods," located in a certain building in Fort Myers, may be subjected to the payment of the complainant's claim. It is alleged in the original bill that the real estate as well as the interest of Rose Nadel in the mercantile business was her separate statutory property, and in the supplemental bill that the personal property consisting of part of the merchandise stock of the Quality Shop which came to her upon the dissolution of the partnership is her separate statutory property.

The defendants interposed a demurrer to the original and supplemental bills, on the grounds, among others, that the bills were without equity, and set forth no facts which entitled the complainant to the relief sought; that it was not alleged that the credit was given solely to the defendant Rose Nadel upon the faith of her "separate statutory estate;" that the bills sought to subject a married woman's separate statutory property to the debts of

a partnership business; that the supplemental bill was bad because the original bill states no cause that could be sustained in equity, and that the suplemental bill failed to set forth any contract on the part of the married woman, and alleged that the credit was given to the business.

The demurrer was overruled. Exceptions were filed to certain matters contained in the supplemental bill, relating to the property which Rose Nadel had in her possession after the dissolution of the partnership, and the allegation that it was property purchased by Rose Nadel through her husband as manager and her agent in the mercantile business formerly known as The Quality Shop, and that some of which was the very property that "the defendant" purchased from the complainant, etc. The exceptions were overruled. From these orders Rose Nadel and her husband A. G. Nadel appealed to this court.

*Randell & Lawler,* for Appellants;

*Walter O. Sheppard,* for Appellee.

ELLIS, J., (*after stating the facts.*)—The theory on which the bills rest is that a married woman who is jointly interested in a mercantile business as a partner, with one who is *sui juris* may by using her credit based upon her separate property in purchasing goods for the business, render such separate property liable to be subjected in equity to the payment of a creditor's claim.

It is true that a married woman cannot be a member of a partnership, and is therefore not personally liable for any act or transaction of her so-called partner in

the transaction of partnership business. Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 50 South. Rep. 504; Porter v. Taylor, 64 Fla. 100, 59 South. Rep. 400; DeGraum v. Jones, 23 Fla. 83, 6 South. Rep. 925. Yet under Section 2 of Article XI of the Constitution of Florida a married woman's disability of coverture is removed to the extent that she may assume an obligation for the purchase price of real or personal property, and such obligation may be a charge in equity upon, and enforced out of her separate property. Micou v. McDonald, 55 Fla. 776, 46 South. Rep. 291; Halle v. Einstein, 34 Fla. 589, 16 South. Rep. 554. Her so-called partner cannot by any act of his obligate her to the payment of partnership debts so that such debts may be a charge upon her separate property in equity, but she may by her own act, upon her sole credit, purchase goods for the business in which she is interested and her separate property may be subjected in equity to the payment of debts so contracted by her. Although a married woman by reason of her disability of coverture cannot make a valid contract of copartnership, she may acquire an interest in a mercantile business, she may invest money or other property in such business, and such interest will be her separate property and subject to be charged in equity and sold under Section 2 of Article XI of the Constituion. In such case her associates in business, that is to say the persons with whom she has her property invested and who conduct the mercantile business are not necessary parties. Her obligation to pay for the goods so purchased by her rests not upon the contract of partnership, nor because she is bound by any obligation growing out of the partnership relation, but being interested in the business in

her own name, and having property employed in such business, she purchases goods upon her sole credit for the purpose of such business. In such case the goods are purchased by her, and for the purchase price thereof, her separate property may be charged in equity and sold. It is immaterial that the goods so purchased are commingled with the merchandise stock, or that she parts with them by gift or sale or destroys them so that her separate property is not in fact increased in value or benefitted by the purchase, her separate property may be charged in equity and sold because of the purchase by her of the goods and that she intended the payment thereof to be made out of her own property. The married woman being given the right to acquire property, the constitution preserving it free from the debts of her husband without her consent, makes it subject in equity to be charged for the payment of the price of any property purchased by her. Halle v. Einstein, *supra;* Halle v. Meinhard, 34 Fla. 607, 16 South. Rep. 559; First Nat. Bank of Pensacola v. Hirschkowitz, 46 Fla. 588, 35 South. Rep. 22. In analogy to the system devised by equity for charging a married woman's separate estate under circumstances in which a court of law would hold her personally bound if she were sole, the constitution has provided this substitute for the authority to contract. See Harwood v. Root, 20 Fla. 940; Micou v. McDonald, *supra.* We think that the right to charge her property in equity for the price of any property purchased by her, depends upon the obligation being assumed by her solely upon her credit. As she cannot make a valid contract of co-partnership and is not bound by the contracts made by her alleged partner in business she cannot accomplish that end through an agent whom

VOL. 70, JUNE TERM, 1915. 225

Nadel et al. v. Weber Bros. Shoe Co.—Opinion of Court.

she appoints to represent her generally in the management of a business in which she is jointly interested with others.

We do not hold that she may not authorize her husband to act for her in the purchase of property upon her sole credit, to be used in a business in which she is interested, but such authorization must be made clearly to appear, and that it was her purpose to assume the obligation solely and not jointly as a partnership obligation.

The original bill alleges that the goods were purchased by Mrs. Nadel for use and sale in the business, and that the goods were sold to her in good faith on her credit and her representations as to the ownership of the property both real and personal described in the bill. The supplemental bill alleges that the goods were purchased by Mrs. Nadel "through her husband as manager and her agent in the mercantile business," etc. The latter allegation weakens the one contained in the original bill, especially when considering the invoice which is attached to the original bill as Exhibit "A" and made a part of it, showing that the goods were sold not to Mrs. Nadel on her sole credit, but were sold to "The Quality Shop," the name of a business owned by C. L. Johnson and Mrs. Nadel jointly.

These allegations of the original and supplemental bills taken together, do not exclude the idea that as manager of the business, the husband of Mrs. Nadel acted as agent for C. L. Johnson as well as for Mrs. Nadel, and that in purchasing the goods and managing the business he was acting as the representative of the alleged co-partnership; and that the obligation incurred for the purchase of goods for the business was intended to be a joint obli-

gation of the alleged co-partnership and not the sole obligation of the married woman. See Barco v. Doyle, 50 Fla. 488, 39 South. Rep. 103; Dunham v. Edwards, 50 Fla. 495, 38 South. Rep. 926.

The demurrer to the original and supplemental bills should have been sustained; the order of the court overruling the demurrer is reversed.

SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, C. J., absent on account of illness.