## CLARK et al. v. ANDREW et al.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1926.)

No. 4556.

1. **Specific performance** ⬗6, 32(2)—As respects mutuality of remedy, married woman's contract to buy realty is not unenforceable in Florida, and specific performance in suit by married woman cannot be denied for want of mutuality of contract, where she makes continuing tender of performance (Const. Fla. art. 11, § 2).

As respects mutuality of remedy, under Const. Fla. art. 11, § 2, relating to property of wife, and rule of property prevailing in state courts, contract of married woman to buy realty is not unenforceable against her, and specific performance in suit by her, wherein she makes continuing tender of performance, cannot be refused for want of mutuality of contract, particularly since by bringing suit she estops herself to change her position, and gives court power to compel her compliance with contract.

2. **Courts** ⬗367.

Rule of property established by state courts, whenever applicable, is binding on federal courts.

3. **Courts** ⬗365.

Federal courts sitting in equity are not bound by state court decisions relating to remedies or modes of procedure.

**4. Specific performance ⬅⬀6.**

Requirement of mutuality is satisfied, if mutuality of remedy in equity exists at time suit is filed.

**5. Contracts ⬅⬀279(1, 2).**

Tender of performance is equivalent to performance, and refusal in advance to accept performance excuses a tender.

**6. Specific performance ⬅⬀30.**

Failure of contract to sell realty to specify rate of interest on deferred payments is not bar to grant of specific performance thereof.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit by Ruth S. Clark and others against Mary B. Andrew and others. From a decree dismissing the bill (4 F.[2d] 124), plaintiffs appeal. Reversed and remanded.

Frederick T. Saussy, of Bradenton, Fla., for appellants.

D. M. Levy, of Cincinnati, Ohio, and T. M. Shackleford, Jr., and R. J. West, both of Tampa, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant, Ruth S. Clark, a married woman, exhibited her bill in equity, in which her husband joined, to compel appellees to convey to her a tract of land lying in Manatee county, Fla. The case, as stated by the bill, is this:

Appellees own the land in controversy, and offered to sell it to appellant, a citizen of Florida, for $14,500, payable one-half cash and the other half in one and two years, upon condition that the offer be accepted within one month. Within that time, appellant accepted the offer as made. The offer and acceptance were in writing and duly signed, and at all times since appellant has been ready, able, and willing to comply with her obligations, but appellees have repudiated the contract and attempted to withdraw their offer. The bill, which was promptly filed, also contains a continuing offer of performance on the part of appellant.

[1] The District Judge was of opinion that appellant's promise to buy was unenforceable, because she was a married woman, and that consequently appellees were not bound by their promise to sell. He therefore, on motion of appellees, entered a decree dismissing the bill on the theory of a lack of mutuality of obligation and remedy.

Section 26 of article 4 of the Constitution of Florida, adopted in 1868, provided that all property, real and personal, of a wife, owned by her before marriage or acquired afterwards, should be her separate property, and not liable for the debts of her husband. Section 1 of article 11 of the present Constitution has a similar provision, and section 2 reads as follows:

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

Under these constitutional provisions the decisions of the Supreme Court of Florida have been uniform to the effect that, while a married woman is not subject to a personal judgment, her entire separate real or personal property may be charged in equity and sold for the purchase price of any property purchased by her, or for money due upon any agreement made by her in writing for the benefit of her separate property. In Harwood v. Root, 20 Fla. 940, which arose under the Constitution of 1868, it was said that a married woman "may charge in equity her separate estate under circumstances in which a court of law would deem her personally bound by contract if she were sole. This is the substitute which courts of equity have devised in place of the legal power to contract; that is, when a court of equity makes a married woman a feme sole as to her separate estate, it, instead of authorizing her to bind her person by contract, authorizes her to charge the estate in like manner as she would bind her person if she were unmarried. The authority to charge the estate, therefore, is not an equitable substitute for the authority of a person in her own right to convey but a substitute for the authority to contract. In simple language, at law she cannot make a contract resulting in a personal judgment, while in equity she can contract, and if she can contract in equity, she can charge her estate precisely as she could at law if she were a feme sole and sui juris. * * * The general doctrine as to the separate estate of a married woman, and as to her power to bind or to charge her separate statutory property, so far as her power exists under the statute as well as under trusts, is that a married woman

possessed of a separate estate is as to all matters pertaining to such estate, except where she is expressly limited by the instrument which created it, or the statute under which she has title, regarded as a feme sole, and may charge or affect it by any act or contract which would be binding at law if she were unmarried."

The language above quoted was cited with approval in Halle v. Einstein, 16 So. 554, 34 Fla. 589, where it was said: "The purchase of any property by her augments that much, of course, her separate property, and inasmuch as she is given the right to acquire property by gift, devise, bequest, descent, or purchase, free from the debts of her husband, a corresponding liability is imposed upon her separate property for the payment of the price of any property purchased by her." To the same effect are Halle v. Meinhard, 16 So. 559, 34 Fla. 607; Micou v. McDonald, 46 So. 291, 55 Fla. 776. In Nadel v. Weber Bros. Shoe Co., 70 So. 20, 70 Fla. 218, L. R. A. 1916D, 1230, decided in 1915, it is held that "a married woman's disability of coverture is removed to the extent that she may assume an obligation for the purchase price of real or personal property, and such obligation may be a charge in equity upon, and enforced out of her separate property."

[2] It never has been held by the Supreme Court of Florida that a married woman's contract in respect of her separate property is unenforceable. There has thus been established in that state a rule of property to the effect that a married woman has authority, within limits fixed by the Constitution, to charge her separate property as effectually as she could if she were a feme sole. And it is not doubted that this rule of property, whenever applicable, is binding on federal courts.

The District Court expressed the opinion that the recent decision in the case of Gautier v. Bradway, 99 So. 879, 87 Fla. 193, controls the case at bar, and that, as it establishes a rule of property, it was his duty to follow it. The statement of facts in that case does not disclose whether a tender of the cash consideration was made or kept available to the defendants at the time the bill for specific performance was filed, but in that connection it was said that there never was a time up to the date of the final decree that the parties sought to be bound on their promise to sell could have gone into a court of equity and have enforced specific performance of the plaintiff's promise to buy. Furthermore, the Gautier Case cites with approval section 2191

of Pomeroy's Equity Jurisprudence, in which it is said:

"So far as there is a principle of mutuality, it is a mutuality of remedy in equity at the time of filing the bill that is required, and not a mutuality in the terms of the contract when the contract is made. Equity is entirely willing to grant plaintiff the performance he applies for, but if it finds that in doing so the defendant, without fault, is left in turn to a remedy at law only, it refuses to lend its aid to such an unequal result."

[3] None of the long line of cases which have held that the property of a married woman is chargeable in equity for money due upon an agreement made by her for the benefit thereof is referred to in the Gautier Case, and it is therefore not to be assumed that it was intended to overrule any of them or to announce a different rule of property. Indeed, that case proceeds upon the theory that the parties before the court had entered into a valid contract. It goes further, it is true, and denies a remedy in equity. But federal courts sitting in equity are not bound by state court decisions relating to remedies or modes of procedure. It is their duty to determine for themselves the general principles and usages of equity, and to apply those principles uniformly wherever sitting. Guffey v. Smith, 35 S. Ct. 526, 237 U. S. 101, 59 L. Ed. 856.

[4] We agree that the principle of mutuality is satisfied if mutuality of remedy in equity exist at the time suit is filed. Pomeroy's Equity, supra; 3 Williston on Contracts, § 1,340; Incorporated Town of Laurens v. Northern Iowa Gas & Electric Co. (C. C. A.) 282 F. 432. Nor is it material that the contract sought to be enforced is executory. There was a tender of performance which, if appellees had accepted it, would have resulted in the contract being executed. Again, when appellant brought her suit, she estopped herself to change her position to the injury of appellees as effectually as if she had not been under disability of coverture. Brocks v. Laurent, 98 F. 647, 39 C. C. A. 201. It doubtless would not be contended, if appellant had performed her part of the contract by paying the cash consideration and executing and delivering the mortgage for the deferred payments, that appellees could have taken advantage of any inability on her part to enter into a contract which would have been personally binding. As was said by this court in Montgomery Traction Co. v. Montgomery Light & Water Power Co., 229 F. 672, 676, 144 C. C. A. 82, 86:

"However unenforceable the plaintiff's obligations under the contract may have been, in so far as it has already performed those obligations, the defendant is safe from any possible injury, due to the lack of an efficient judicial remedy to compel specific performance by the plaintiff. One to whom performance is voluntarily rendered does not suffer from the lack of a remedy to which he has no occasion to resort."

[5] A tender of performance is equivalent to performance, and a refusal in advance to accept performance excuses a tender, for the law does not require the doing of an idle or futile thing. Blunt v. Tomlin, 27 Ill. 93; Yerkes v. Richards, 26 A. 221, 153 Pa. 646, 34 Am. St. Rep. 721. Upon the filing of the bill, the court acquired the power to compel appellant to comply with her obligations under the contract, and to protect fully and completely the rights of appellees in the same suit, and without sending them into a court of law.

[6] Some question is raised on the ground that the contract does not specify the rate of interest on deferred payments; but it presents no difficulty, as it would be the duty of the court to require interest to be paid at the legal rate.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.