SUSAN W. KEMP, ERNEST W. KEMP, AND EMILY FOARD KEMP, HIS WIFE, HELEN KEMP LEE AND PERCY C. LEE, HER HUSBAND, AMELIA D. KEMP, WILLIAM M. KEMP AND MINNIE SMITH KEMP, HIS WIFE, *Appellants* v. ROY S. HANNA AND JENNIE C. HANNA, HIS WIFE, *Appellees.*

En Banc.

Opinion Filed November 18, 1926.

Petition for rehearing denied January 26, 1926.

1. Partition is proper where parties own as cotenants and in such suit the interests of the respective parties must be determined by the court. But if it develops by the pleadings, supported by the evidence, that the title of the defendant is predicated upon an adverse, conflicting and hostile claim to that of the complainants, in such case partition can not be made to serve the purpose of ejectment.

2. A person in possession of land claiming title thereto by deed of conveyance may fortify his title by acquiring outstanding claims of title and the acquisition of such conflicting claims will not be taken as relinquishing his rights or claims under his prior claim of title.

An Appeal from the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Decree affirmed.

*Herman Merrell,* for Appellants;

*Wm. Hunter* and *J. S. Davis,* for Appellees.

KOONCE, C. J.—Appellants, as complainants below, sought partition of certain premises described in the bill of complaint, claiming to be the owners in fee simple of an undivided one-fourth interest in said lands, deraigning title thereto by regular chain from the United States to their ancestor, William F. A. Kemp, by deed to him dated March 26th, 1896, for one-fourth interest, but which deed was not recorded until November, 1913, after the death, of W. F. A. Kemp in March, 1913. The bill further alleges that the defendant Roy S. Hanna is the owner of the remaining three-fourths interest, and that his title descended to him by deeds from their ancestor's co-tenants. The bill also alleges that the land is wild, unimproved and unoccupied. Defendant by his answer denied any cotenancy, denied that the land was wild, unimproved and unoccupied, denied that the complainants owned any interest whatsoever in the premises. He alleged in his answer, that in 1901, one Barron Phillips was the owner and in possession of all of said lands, that in September, 1901, Phillips conveyed the same to one William R. Brack who went into the immediate actual possession of the land, recording his deed in the public records in November, 1901; that Brack conveyed the same to defendant in 1903, excepting two small portions which he had previously conveyed to Joshua White and J. M. Nash, which two portions were conveyed to defendant by White and Nash in 1904 and 1905; that since going into possession in 1903 defendant has remained continuously in the actual, open and notorious possession claiming the same adversely to all the world. He further sets forth a list of other claims which he after-

wards acquired for the purpose of fortifying his title, from which list it appears the defendant as early as 1907 acquired all outstanding recorded claims, the alleged one-fourth• interest of Kemp not then appearing of record. Much testimony was taken, and upon final hearing the Circuit Judge found the equities to be with the defendant, and dismissed the bill of complaint.  This appeal is from such final decree.

It is contended for appellant that a co-tenant can not hold adversely to his fellow co-tenant, and that the evidence in this case shows that the defendant's title is the title derived from co-tenants of the complainants' ancestor. This contention is denied by the defendant, but on the contrary it is claimed for the defendant that his title is predicated upon a conflicting adverse and hostile title to that of the complainants' ancestor and to that of the said ancestor's co-tenants.  Appellees contend that appellants have pursued the wrong remedy, that partition can not be made to serve the purpose of ejectment.

Partition is proper where parties own as co-tenants, and in such a suit the interests of the respective parties must be determined by the court.  But if it develops from the pleadings, supported by the evidence, that the title of the defendant is predicated upon an adverse conflicting and hostile claim to that of the complainants in such case partition can not be made to serve the purpose of ejectment.  See Mattair v. Payne, 15 Fla. 682; Keil v. West, 21 Fla. 508; Street v. Benner, 20 Fla. 700; Rivas v. Summers, 33 Fla. 539, 15 South. Rep. 139; Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722; Ellis v. Everett, 79 Fla. 493, 84 South. Rep. 617.

The chancellor was justified in finding from the evidence that the defendant claimed under a title hostile to that of

the complainants, and that he continued in adverse pos-
session for much longer than seven years before the insti-
tution of this suit.

It is not necessary to review the evidence relative to other
claims acquired by the defendant, even if such claims were
titles of co-tenants of complainants' ancestor. A person
in possession of land claiming title thereto by a deed of
conveyance may fortify his title by acquiring outstanding
claims of title and the acquisition of such conflicting claims
will not be taken as any relinquishment of his rights or
claims under his prior claim of title.

The judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been con-
sidered by the Court, and the foregoing opinion prepared
under Chapter 7837, Acts of 1919, adopted by the Court as
its opinion, it is considered, ordered and adjudged by the
Court that the decree of the court below should be, and the
same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM
AND BUFORD, J. J., concur.