HAYNES *v.* CAMERON.

1. PARTITION—PARTIES—DEATH.
   In suit for partition, where the death of a nonresident plaintiff occurred after decree but before proposed date of sale, devisee of such plaintiff's interest, who was also a defendant, had sufficient interest as a devisee fully to protect her rights notwithstanding no administrator had been appointed in this State for deceased plaintiff.

2. SAME—CONFIRMATION OF SALE—DISCRETION OF COURT.
   Confirmation of sale of property at sum of $3,625 after competitive bidding was not an abuse of discretion where showing made of offer to purchase at $4,300 was less broker's commission and cost of obtaining an abstract and was contingent upon payment of accrued taxes by the seller and resulted in little, if any, net increase over and above that realized.

3. SAME—ORDER OF DISTRIBUTION—ATTORNEY FEES.
   An award of attorney fees in order of distribution after sale under decree in suit for partition was not an unwarranted enlargement of original decree of partition.

4. SAME—ATTORNEY FEES—EVIDENCE.
   Award of attorney fees in order of distribution in suit for partition was error without proof of the character and reasonable value of the services rendered, and order is remanded for taking proof as to character and value and entry of order for payment.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 10, 1940. (Docket No. 34, Calendar No. 41,267.) Decided December 11, 1940.

Bill by Florence Potter Haynes, Howard Goff, and Justin Goff against Cora Cameron and others for partition of real estate. Order confirming sale

and decree of distribution. Defendant Cameron appeals. Modified and affirmed.

*George H. Cross,* for plaintiff Goff.

*Alexis J. Rogoski,* for defendant Cameron.

CHANDLER, J. On January 7, 1939, plaintiffs filed the amended bill of complaint herein for the partition of certain real estate located in Muskegon county, which resulted in a decree ordering a commissioner's sale of the premises. The date for said sale was fixed as November 16, 1939. Between the date of the decree and the proposed date of sale, Florence Potter Haynes, one of the plaintiffs, died, leaving a will which devised her interest in the property to defendant, Cora Cameron, who thereby became the owner of the largest undivided interest.

Commencing with a letter dated October 31, 1939, considerable correspondence relative to the suit passed between Gessner T. McCorvey, an attorney in Mobile, Alabama, who represented some of the defendants, including Cora Cameron, and George H. Cross, attorney for Justin Goff, one of the plaintiffs. Those represented by Mr. McCorvey feared that the property would not bring an adequate price at the sale. As a result, Mr. McCorvey was advised that local counsel should probably be retained to represent the interest of appellant, and the sale was adjourned to enable her to find some one interested in purchasing the property, thus attempting to safeguard against a sale for an inadequate price.

After two adjournments, the sale was held on January 9, 1940, at which time the property was sold, after competitive bidding, to Tiede Clock for the sum of $3,625.

Appellant filed objections to the confirmation of the sale, which were overruled and the sale confirmed. On February 10, 1940, a decree of distribution was entered, which decree also awarded an attorney fee of $250 to plaintiff Justin Goff.

This appeal is taken from the order of confirmation and the decree of distribution.

One of the reasons advanced by appellant as to why the sale should not have been confirmed is based upon the death of Mrs. Haynes. Her interest was devised to appellant, but it is claimed that until the appointment of an administrator in this State there was no one who could properly represent the interest of the estate in the premises or that of appellant as devisee of Mrs. Haynes. We think appellant had sufficient interest as a devisee fully to protect her rights in the premises. *Page* v. *Webster,* 8 Mich. 263 (77 Am. Dec. 446); *Campau* v. *Campau,* 19 Mich. 116. See, also, *Owings* v. *Owings,* 150 Mich. 609.

It is also claimed that a resale of the premises would have resulted in a higher price being obtained for the property and that the trial court abused his discretion in confirming the sale and not ordering a resale.

At the hearing on confirmation, an offer of purchase for the sum of $4,300, less broker's commission and cost of obtaining an abstract, was introduced into evidence. The offer was also contingent upon the payment of accrued taxes by the seller. Thus, it appears that such a proposed sale would have resulted in little, if any, net increase over and above that realized at the commissioner's sale. There was no abuse of discretion in refusing to order a resale on this showing.

Appellant claims that the award of attorney fees in the order of distribution was an unwarranted enlargement of the original decree. The point is

without merit as we have held that a cause may be remanded upon appeal for the purpose of apportioning the costs and charges of the proceeding. *Shepherd* v. *Rice,* 38 Mich. 556. However, there is nothing to be found in the record which would support the award of an attorney fee in the amount of $250 granted by the trial court. No evidence was presented as to the value of the services rendered. The court was in error in making this award without proof of the character and the reasonable value of the services rendered by the attorney for appellee.

The decree will be affirmed, but the order allowing attorney's fee to appellee's attorney is set aside and the cause is hereby remanded to the circuit court for the county of Muskegon, in chancery, to take proof as to the character and reasonable value of the services rendered by the attorney for appellee and to enter an order for the payment thereof.

Appellant to recover costs of this appeal to be taxed.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.