DE GRAUM, AYMAR & COMPANY, APPELLANTS, VS. B. JONES ET AL., APPELLEES.

23   83<br>f58   387

JOHN G. BRENNER, SON & COMPANY, APPELLANTS, VS. B. JONES ET AL., APPELLEES.

1. The disability of coverture prevents a married woman from forming a contract of copartnership.

2. On a bill filed by A. & B., merchants, alleging an indebtedness to them by B. Jones, Lewis Willis and Mrs. E. G. Chipley as copartners under firm name of Jones, Willis & Co., for goods sold to them, Mrs. Chipley being a married woman, and said bill praying for a sale of the property of said Jones, Willis & Co., to pay said indebtedness, a court of equity on a demurrer to the bill should sustain the demurrer and dismiss the bill.

Appeal from the Circuit Court for Escambia county.

The above entitled cases were argued and submitted together, and but one opinion was delivered therein. The original opinion was delivered at the June term, 1885; a re-hearing was granted, and the opinion on re-hearing was delivered at the January term, 1887.

The facts of the two cases are similar, and those of the one last named, Brenner, Son & Co., vs. Jones *et al.*, are stated in the opinion.

*J. C. Avery* for Appellants.

This cause stands on appeal from a final judgment in favor of the appellees, on demurrer to the bill of complaint.

The bill charges that the appellants furnished on credit, goods, wares and merchandise, which are still unpaid for, to go into, become a part of and replenish the stock of goods belonging to defendants, B. Jones, L. Willis and Mrs. E. G. Chipley, a married woman, who were jointly engaged in business as merchants in Pensacola, and prays

that appellants' claim may be declared a charge in equity upon the joint property of appellees, which they had in their said business, and that so much of such property as may be necessary may be decreed to be sold and the proceeds be applied to the satisfaction of amount found to be due appellants, and for personal judgment against Jones and Willis.

This court has already held, in the case of Blumer vs. Pollak, 18 Fla., 707, that where a married woman obtains credit for the purpose of replenishing the stock of goods with which she is carrying on a business separate from her husband, her creditor may proceed in equity against her, and subject her separate property to the payment of his claim. The ground of the decision is that the debt was incurred for the benefit of the woman's separate estate.

I contend, in behalf of appellants in this case, that it makes no difference whether the *feme covert* is sole owner of the property, or owns it jointly with others. Whatever her interest may be, it is property held by her, under the statute, separately and apart from her husband, and is therefore chargeable in equity with the payment of any debt contracted by her for the benefit of her separate estate. Hence, if appellants had sold the goods to her alone it seems clear that her interest in the property, owned by her jointly with Jones and Willis, might be subjected to the payment of the debt.

But the goods were not sold to her alone, but to her jointly with Jones and Willis, and it is contended that that relieves her estate from any charge.

This position, I think, cannot be sustained.

When the credit was given, Jones and Willis unquestionably became personally liable for the whole debt as contractors; but that is no reason for holding that the creditors cannot proceed in equity against a married woman,

who joined in obtaining the credit and benefited her separate estate thereby.

Such conclusion can only be reached by the assumption that a suit in equity, to subject such separate property, can be maintained only when there is no remedy against any person. Such is not the case. The right to such equitable relief arises in two classes of cases: (a) when the debt is contracted with reference to the separate estate, evidenced by a writing duly acknowledged, (19 Fla., 275); and (b) when the debt inures to the benefit of such estate. The relief has never been granted upon the ground that no person, other than the *femes*, had assumed a position creating a personal responsibility for the debt.

But it is said that even if the interest of Mrs. Chipley in the joint property is chargeable with the payment of any part of appellants' claim, it can only be charged to the extent of her share of the debt or to the extent that her interest in the joint property was benefited by the credit obtained.

The obvious answer to this assertion is that Mrs. Chipley was interested in the whole, in every atom of the joint property, and that every cent of credit given benefited every atom of the property. Consequently her separate estate was chargeable in equity with the payment of the whole; and appellants were, at least, entitled to have her interest in the joint property subjected to the payment of their demand.

But I contend, in behalf of appellants, that Jones and Willis, by going into business with a married woman, acquiring property in that business jointly with her, and co-operating with her in obtaining credit for the benefit of that business, thereby consented to the legal consequences of such credit; that is, that creditors might proceed in

equity to subject the property to the payment of their demands.

They have actively secured a commixture of credit to them, personally, and to the married woman's estate, and have created a most complete commixture of their property with hers, and should not be permitted in equity to say that a creditor should get complete relief against them and the *feme's* property only after two suits.

Even though it should · be held that only the interest of Mrs. Chipley can be subjected in this suit, nevertheless, the others having been necessarily brought in as parties, equity will dispose of the whole matter and give complete relief. In doing this, personal judgments should be rendered against Jones and Willis.

*W. A. Blount* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

The facts in these cases are identical. The bill alleges that the complainants were merchants in the city of Philadelphia. That the defendants, B. Jones, Lewis Willis and Mrs. E. G. Chipley, who was a married woman, were jointly engaged as merchants in business in Pensacola, and held themselves out as copartners.

That the goods sold to Jones, Willis & Co., were of the value of $2,338.76, which is unpaid. That complainants sold said goods on the sole credit of the persons composing the firm of Jones, Willis & Co., and for the purpose of enabling them to replenish their stock and carry on their business. That defendant S. F. Chipley is the husband of Mrs. E. G. Chipley, and that she engaged in business as aforesaid and obtained credit from orators and others with his knowledge and consent.

That the interest of Mrs. Chipley in said business is her

separate statutory property, and that neither she nor either of the other defendants have any property other than that employed in said business of Jones, Willis & Co., which is subject to levy or forced judicial sale.

The bill prays that the property of the firm of Jones, Willis & Co. may be charged with the payment of this indebtedness and that it may be sold for that purpose.

The record presents for determination the question as to whether or not a married woman can make a contract of partnership. The doctrine seems well established that a married woman has no contractual capacity and cannot bind herself personally.

To establish a partnership between two or more persons the parties must be capable of contracting to regulate the terms of their joint enterprise, to-wit: the amount of capital stock to be furnished and the services to be performed by each partner; the business in which said partners are to engage, and the length of time it is to last. These are all obligations of a purely personal character. When one of the parties is without the legal capacity to assume these obligations, as a married woman is, there can be no legally existing partnership between them. She has no separate legal existence, her husband and she being in contemplation of law but one person. Smith on Contracts, 317 and 318; Story's Equity Jurisprudence, vol. 2, sec. 1367. To make an agreement of partnership requires a contracting capacity which is not possessed by a married woman.

The relief sought against the defendants by the bill is based on the theory that a partnership existed between the other defendants and Mrs. Chipley. Mrs. Chipley being legally incapable of forming such a partnership, it would follow that no liabilities could attach to her by reason of any act done by Jones and Willis acting for the supposed copartnership. Under the decision of this court in Blumer

*et ux.* vs. Pollak & Co., 18 Fla., 707, if Mrs. Chipley had carried on business in her own name, having property employed in said business and purchased goods on her own credit for the purpose of such business, her separate property might be subjected in equity to the payment of claims for purchase money for such goods. But we do not understand such to be the object of this bill. It seeks to subject the goods indiscriminately, not only the property of Mrs. Chipley, but the property of Jones and Willis, on the theory that a partnership existed between them of Jones and Willis and Mrs. Chipley. Counsel for appellants, while he makes a very ingenious argument in support of his position, admits that he has been unable to find any authority for the position.

We do not go quite to the extent of saying that " that which is without precedent is without safety," but we fully concur in the remark of Lord Ellenborough in Chamberlain vs. Wilson, 2 M. & S., 415 : " It is believed this action is without precedent. This of itself, though not perhaps conclusive, is certainly very strong argument that the action is not maintainable."

Judgment affirmed.

Upon petition of appellants a re-hearing was granted, upon which the Chief-Justice delivered the opinion of the court :

A re-hearing in this case was granted and upon a re-argument thereof the counsel for the appellant insisted that the bill did not allege the existence of a partnership between Mrs. Chipley and Jones and Willis, the other defendants. That he never contended that a married woman could be a partner, because she could not be so without

entering into a contractual relation with the other defend-
ants, which she was incapable of doing. That recognizing
such to be the law the appellants filed their bill for relief
on the ground that the property sought to be bound was
joint property, of which the defendants were tenants in
common. The allegations in the bill in respect of the re-
lations existing between Mrs. Chipley and Jones and Wil-
lis are that " they were jointly engaged in business as
merchants in the city of Pensacola, Fla., and held them-
selves out as copartners under the style of Jones, Willis &
Co." That " defendants, constituting the said firm of
Jones, Willis & Co.," were indebted * * * " " that after
the said defendants who compose the said copartnership, or
association of Jones, Willis & Co., had become indebted
* * *. "

We are of the opinion that it does not matter by what
terms the relations betwen Mrs. Chipley and Jones and
Willis may be characterized, the legal result is the same.
To be " jointly engaged as merchants " would require the
same contractual capacity on the part of the persons so en-
gaged as the relation of copartners. The business of mer-
chants is to buy and sell and share the profits, or to divide
the losses. An allegation that persons are jointly engaged
as such is virtually alleging that they are engaged as co-
partners.

Judgment affirmed.