E. W. IRVINE, APPELLANT, VS. ISAAC EPSTEIN AND MOSES EPSTEIN, APPELLEES.

1. A bill for an accounting filed against one holding for collection as agent or trustee many notes, the property of another, which have been in part collected in farm produce and stock which he, the agent, was to convert into money, and has disposed of in trade in various ways, and as to which discovery is sought as a necessary incident to the accounting, is not wanting in equity.

2. It was not proper in this case at the hearing upon bill and answer to appoint a master to take testimony. The decree of the court should have been in conformity with the case made by the bill and answer alone.

3. An amended or further answer filed after exceptions for insufficiency were sustained to the original answer is to be construed in connection with and as a part of the original answer.

This case was decided by Division B.

Appeal from the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*Angus Paterson,* for Appellant;

*H. J. McCall,* for Appellees.

MAXWELL, J.

The appellant being indebted to the appellees as copartners in the sum of $686.35, and to I. Epstein in the sum of $500, as collateral security for said debts assigned and delivered to the appellees thirty-five promissory notes

aggregating the sum of $1,994.75, the proceeds of which by the terms of the assignment were to be applied first to the payment of the firm debt. Thereafter the appellees sent these notes for collection to appellant, whose receipts therefor recited that the proceeds therefrom were received and held by him in trust for appellees, and were to be remitted to them as fast as collected. Some of these notes were collected in whole or in part by the appellant, most of the collections being made in farm produce or stock which was then to be converted by appellant into money. A bill was filed by the appellees, hereinafter called the complainants, against the appellant for an accounting, the bill alleging that as trustee he had collected large sums upon said notes, aggregating $500 or more, and had paid to them but $75 of such receipts, and refused to account for the remainder. The bill sought discovery from the defendant as to all of said matters, and particularly that he set forth and show what sums of money and other articles of value were paid on said promissory notes, and the value of such articles; when, where and to whom said payments were made; if made in produce or anything other than cash, what disposition was made thereof; if sold, to whom sold and for how much; how much expence was incurred in collecting said amounts, to whom it was paid, and when and for what purpose.

A general demurrer for want of equity was filed to this bill, and the order of the court overruling this demurrer is the basis of the first assignment of error. The contention of appellant under this assignment is that this is a bill filed to enforce collection of the promissory note given by him to the appellees, which should properly be done in a suit at law. An examination of the bill shows that it will not bear this construction. It does not even inciden-

tally or as a means of obtaining complete relief in a cause of which equity has obtained jurisdiction pray that the defendant be decreed to pay the amount of the note. It proceeds against the defendant to compel an accounting by him for the collections made by him as agent or trustee for the complainants, it seeks discovery as to matters relating to the transactions complained of lying peculiarly within the knowledge of defendant and necessary to complainants' case, and seeks to unravel a network of transactions, a proper examination of which would be difficult, if not impracticable in a trial at law. Such a case is peculiarly the subject of a bill in equity for an accounting, and the demurrer was properly overruled.

An answer was filed, exceptions to which were sustained, and a further or amended answer was filed. The cause was then set down for hearing on bill and answer, and upon this hearing the court of its own motion appointed a master to ascertain the amount shown to be due by the pleadings, and also to ascertain the amount expended by defendant in raising crops on a farm to which he had applied certain of the farm produce and stock received by him as collections upon the notes held by him in trust for the complainants, and to ascertain the gross and net proceeds of this farm for the year. The master took testimony and filed a report that the farm had been operated for the year at a loss of $41.00. The answer of the defendant had admitted a net collection of $183.37 on account of the notes held by him for complainants, and the court thereupon rendered a decree for complainants for this sum less the $41.00 lost on the farm above mentioned.

We know of no practice which will support this decree. The case was heard on bill and answer, and should have

been determined as there made . These pleadings do not disclose that the farm was operated by defendant for the complainants at a loss of $41.00 which defendant was authorized to charge to the complainants, and the testimony upon this subject and report of the master thereon had no proper place in the hearing of the cause. The decree should have been in conformity with the facts as ascertained from the bill and answer alone.

In such a hearing, the answer to the bill is taken as true. That filed in this case enumerates at length the collections made by the defendant for complainants, most of which were in farm produce and stock, and the disposition made of these articles. Many of them were lost by death or unprofitable but authorized disposition before anything was realized from them, and the net proceeds of all of the collections is as above stated alleged to be $183.37. This must be accepted as true, and it remains only to ascertain what part of this the defendant has failed to pay complainants. If the amended answer stood alone it may be questioned whether it would authorize any recovery by complainants. It must be construed, however, in connection with, and as a part of, the original answer. 1 Barb. Chan. Prac. 195; Mit. & Tyler's Pl. & Pr. in Eq. 409; Story's Eq. Pl. Sec. 868; 1 Beach Mod. Eq. Pr., Sec. 419; Fletcher's Eq. Pl. & Pr. Sec. 352.

From a consideration of both answers it appears that the only part of the $183.37 collected by defendant which has been paid to the complainants is the sum of $75, admitted in the bill to have been received. The complainants are, therefore, entitled to a decree for the remaining $108.39 collected, with interest from May 26th, 1897.

The decree of the court below is so modified as to decree the recovery of this sum, and as so modified is affirmed, the appellees to pay the costs of this appeal.