W. G. H. ROBERTS, *Appellant,* v. CYPRESS LAKE NAVAL STORES COMPANY, *et al., Appellees.*

Where a demurrer is interposed to the whole bill it should be overruled as an entirety if the bill states any case for relief in a court of equity. It is error to sustain such a demurrer in part.

This case was decided by Division A.

Appeal from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Appellant;

*F. P. Cone,* for Appellees.

SHACKLEFORD, J.—The appellant filed a bill in chancery against the appellees wherein he sought to enforce a lien for labor alleged to have been performed by him for some of the appellees by subjecting to sale the turpentine distillery, fixtures and appurtenances of the appellees together with the tract of land upon which such property was situated. The appellees interposed a demurrer to the bill consisting of several grounds, but it is necessary to consider only the third ground thereof, which is as follows:

"Third, because said service alleged to have been performed by the complainant as alleged in his bill of complaint, were not the services of a laborer, but as alleged in said bill of complaint, were services performed as foreman or superintendent of other laborers, and are not such services as would create a lien in behalf of the person performing same under the laws of the State of Florida."

Upon this demurrer the court made the following order:

"This cause was brought on for hearing upon the demurrer of the defendants to the bill of complaint and was argued by solicitors for both parties and upon consideration thereof, the court being advised in the premises, it is ordered that grounds 1st, 2nd, 4th, 5th, of said demurrer be overruled. It is further ordered that ground 3rd of said demurrer be sustained as to all parts of said labor claimed to have been performed except such as is claimed to have been performed, 'in keeping check of rosin brought in from the woods to said distillery and of distilled turpentine and manufactured naval stores sent away therefrom to the market.' * * * * * * * * * * 'and doing other and general work as directed in and around and about the work of the said distillery as directed by said employers.' And overruled as to such excepted parts of said bill. Done and ordered, this 15th day of July, 1909."

This is the order from which the appellant has entered his appeal to this court.

The portion of the bill containing the allegations concerning the performance of the labor for which the alleged lien is claimed is as follows:

"That in the conducting of the said business, the said company had your orator employed as a laborer, and that beginning on the 28th day of April, 1908, and continuing to the 31st day of December, 1908, and covering the whole period between the said dates the said employment of your said orator with the said company and said labor performed for them continued; that under his said employment for the said business, your orator gave his whole time as such labor at the agreed wages of $40 per month; that his labor consisting of the general work and labor of said turpentine distillery, such as riding the woods, looking after the employees by the said company, in chipping boxes, scraping trees, keeping said hands or em-

516        SUPREME COURT OF FLORIDA.

Roberts v. Cypress Lake Naval Stores Co. *et al.*—Opinion of Court.

ployees supplied with barrels and other materials to enable them to keep at work in chipping such timber and gathering crude turpentine to be distilled at the said distillery, keeping check of rosin brought in from the woods to said distillery, and of distilled turpentine and manufactured naval stores sent away therefrom to the market, working in the commissary kept at the said distillery, and doing other and general work as directed in and around and about the work of the said distillery as directed by his said employers."

The appellant bases his lien upon Section 2191 of the General Statutes of Florida, which reads as follows:

"2191.   (1727.)   For labor on railroads, telegraphs, etc.   In favor of any person performing by himself or others any labor upon any railroad, canal, telegraph or telephone line, wharf, mill, distillery or other manufactory, whether in the construction, operation or repair thereof; upon such line, wharf, mill, distillery or other manufactory, any and all franchises, machinery and equipments connected therewith or thereon and on the land upon which they stand."

The demurrer was interposed to the whole bill.   In the order thereon, which we have copied above, it was held and, we think, properly, that the complainant was entitled to a part at least of the relief prayed.   This being true, the whole demurrer should have been overruled, since a demurrer to the whole bill is bad, where the complainant is entitled to any part of the relief sought.   See Durham v. Stephenson, 41 Fla. 112, 25 South. Rep. 284; Futch v. Adams, 47 Fla. 257, 36 South. Rep. 575; Lindsley v. McIver, 51 Fla. 463, 40 South. Rep. 619; 6 Ency. of Pl. & Pr. 418, and authorities cited in notes.   It necessarily follows that the interlocutory order appealed from must be reversed and the case remanded with directions to overrule the demurrer.

Having reached this conclusion, we do not feel called upon to attempt any construction of the Statute upon which the alleged lien is based. The extent of such lien and the property subject thereto must necessarily rest largely upon the facts and circumstances of each particular case.

Interlocutory order reversed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.