Porter v. Taylor—Syllabus.

---

LOUISA PORTER, *Appellant, v.* W. J. H. TAYLOR, *Appellee.*

1. A moton to dismiss a bill of complaint for want of equity is not proper practice.

2. A bill in equity should not be dismissed if the allegations of the bill state any case for equitable relief.

3. Under the constitution and laws of Florida a married woman who has not been declared a free dealer as authorized by statute, cannot become a member of a partnership so as to make herself liable personally for the partnership debts or obligations.

4. The constitution expressly recognizes the separate real and personal property rights of a married woman; and the statutes authorize a married woman to maintain suits or actions for or concerning her real estate, without joining her husband or next friend.

5.  While a married woman not a free dealer may not bind herself personally by partnership agreements or become personally liable for partnership obligations, yet she may permit others to act for her as her agent; and when an agency for a married woman in fact exists or the property of a married woman is held or used by another she may take possession of or recover her property. She may also require an accounting, and where the circumstances warrant it, the proceeding may be in equity.

Appealed from the Circuit Court for Monroe County.

The facts in the case are stated in the opinion of the Court.

*W. Hunt Harris,* for Appellant;

*H. H. Taylor* and *Jefferson B. Browne,* for Appellee.

Whitfield, C. J.—The bill of complaint in effect alleges that Louisa Porter, the complainant, is and was in March, 1909, seized and possessed in fee simple of certain described real estate on the Island of Key West, being a water front lot and suitable for wharfage purposes; that on said lot of land is a wharf, warehouse, cistern, office building, a certain large safe, coal run, and buckets for carrying coal, which property was and is the separate statutory property of the complainant; that in March, 1909, complainant through her agent entered into an agreement with the defendant W. J. H. Taylor by which said Taylor agreed to take charge of said property and conduct a business of buying and selling coal and water, to conduct a wharfage, storeage, brokerage and commission business, and after the payment of all charges and expenses against the property and business, the net proceeds of the whole were to be divided equally between

complainant and defendant; that in pursuance of said
agreement Taylor, in March, 1909, took charge of said
property and began to do business in buying and selling
coal, water, &c., also wharfage, storage, brokerage and
commission business, and continues the same; that said
business is now and has since the beginning of the agree-
ment been conducted by said Taylor under the name of
"Taylor & Co.," W. J. H. Taylor, Agent, and W. J. H.
Taylor; that the said copartnership business was entered
upon and has ever since continued to be carried on by
complainant and defendant in pursuance of and under
said agreement, no other agreement having ever been
made between them; that the defendant in the conduct of
said business has entered into certain contracts for the
sale of coal and water at certain rates for a specified time,
not yet elapsed, which contracts are a valuable asset to
said business, and for the faithful performance of said
contracts complainant is liable as a member of said
copartnership; that said Taylor has from the beginning of
said agreement furnished statements of account of said
business showing the monthly accounts of the same, but
has persistently refused to allow the duly authorized
agent of complainant to audit said accounts from the
books of the business in his possession; that the defend-
ant has from time to time applied to his own use from the
receipts and profits of said business very large sums of
money, greatly exceeding the proportion thereof to which
he was entitled, and is continuing to apply the partner-
ship moneys received by him to his own use, and is by
such means greatly increasing his debt to the partnership
without affording to complainant any adequate means of
ascertaining the true state of his accounts; that com-
plainant has from time to time through her agent applied
to the said W. J. H. Taylor for a full and fair account of

said partnership transactions, but defendant refuses to furnish it as requested; that the defendant has in fact received from the profits of said business approximately $4,500.00 and upwards beyond his due proportion and is increasing his indebtedness; that the defendant has no visible property subject to execution; that the defendant has threatened and stated that if complainant should take steps to close up said business that he will immediately make an assignment to the contracts referred to, to the great loss and injury of complainant; that the defendant has not paid out of the profits of said business the indebtedness as agreed. The prayer is for a dissolution of the partnership; for an accounting; for an injunction; and for a receiver and for general relief. An injunction was granted and a receiver appointed. A motion was made by the defendant to dissolve the injunction, to discharge the receiver and to dismiss the bill of complaint on the following grounds:

1. That the complainant is a feme covert and cannot be a member of a partnership.

2. That the complainant is a feme covert, and all personal contracts made by her or for her by her authority are nullities.

3. That the contract of partnership alleged in said bill to have been made by said complainant and defendant is not such a contract as a married woman can legally enter into, and such partnership is a nullity.

4. That the said Louisa Porter, complainant, being a feme covert is without the legal capacity to assume the obligations of a partnership, and all such partnerships entered into by her are void.

5. That said bill is without equity.

Upon this motion the Court dissolved the injunction, discharged the receiver and dismissed the bill of com-

plaint with costs against the complainant Louisa Porter upon the ground that the complainant "a married woman could not legally enter into a partnership." The complainant appealed.

A motion to dismiss a bill of complaint for want of equity is not proper practice. See Hull v. Burr, 61 Fla. 625, 55 South. Rep. 852.

A bill in equity should not be dismissed if the allegations of the bill state any case for equitable relief. See Futch v. Adams Bros., 47 Fla. 257, 36 South. Rep. 575; Thompson v. Maxwell, 16 Fla. 773; Roberts v. Cypress Lake Navals Stores Co., 58 Fla. 514, 50 South. Rep. 678.

Under the Constitution and laws of Florida a married woman who has not been declared a free dealer as authorized by statute, cannot become a member of a partnership so as to make herself liable personally for the partnership debts or obligations. Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 50 South. Rep. 504; DeGraum v. Jones, 23 Fla. 83, 6 South. Rep. 925.

The Constitution expressly recognizes the separate real and personal property rights of a married woman; and the statutes authorize a married woman to maintain suits or actions for or concerning her real estate, without joining her husband, or next friend. Section 1, Art. XI Constitution; Secs. 1723, 2592 Gen. Stats. of 1906.

While a married woman not a free dealer may not bind herself personally by partnership agreements or become personally liable for partnership obligations, yet she may permit others to act for her as her agent; and when an agency for a married woman in fact exists or the property of a married woman is held or used by another she may take possession of or recover her property. She may also require an accounting, and where the circumstances

warrant it, the proceeding may be in equity. See Irvine v. Epstein, 45 Fla. 370, 33 South. Rep. 1003.

The allegations in this case clearly show that the married woman complainant did in fact give the custody of her separate property to the defendant for business purposes, and she has a right to an accounting from him. Under the circumstances disclosed by the bill as to the nature of the property, the relation of the parties and the character of the dealings, a court of equity is a proper forum for an accounting. This being so the bill of complaint should not have been dismissed. The alleged partnership does not bind the complainant and she may recover her property in due course of law if the defendant has no legal right to its possession or use.

The decree dismissing the bill of complaint and dissolving the injunction is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.