NELLIE T. BOYD, *et al., Appellants, v.* LILLIAN M. GOSSER, *Appellee.*

Opinion Filed November 24, 1914.

A general demurrer to a bill in equity as an entirety should not be sustained if any relief may properly be granted in accordance with the allegations and prayers.

Appeal from the Circuit Court for Pinellas County; F. M. Robles, Judge.

Order reversed.

*K. I. McKay* and *James F. Glen,* for Appellants;

*C. C. Whitaker* and *W. F. Himes,* for Appellee.

WHITFIELD, J.—The appellants brought a bill in equity against the appellee, in which it is in effect alleged that on September 14, 1910, the defendant, Lillian Mayrue Gosser, executed to Vincent Ridgely a mortgage upon a certain lot of land to secure a loan; that on November 1, 1911, Lillian Mayrue Gosser executed to Ella C. Chamberlain, a mortgage on the same premises; that on March 6th, 1912, Lillian Mayrue Gosser executed and delivered to

W. T. Boyd a power of attorney "to grant, bargain and sell the same premises described in the said mortgage deeds and to act as her attorney in paying off the two mortgages aforesaid, and thereby authorized the said W. T. Boyd to satisfy the aforesaid mortgages by the payment of principal and interest thereon, and in and by the said instrument she further authorized the said W. T. Boyd to deduct from the purchase price realized and obtained from the sale of the said property all expenses, interest and other monies paid out necessary for perfecting a sale and transfer of the said premises in giving a perfect and unencumbered title thereto;" that "the said W. T. Boyd prior to the time of his decease did pay off and discharge the said mortgages, and each of them, and procured from the said Vincent Ridgely, a formal satisfaction and release of the aforesaid mortgage, Exhibit 'A' hereto, to be held by him as evidence of the payment by him of the said mortgage, and which was not delivered to the defendant or placed on record, and your orator annexes hereto as Exhibit 'D' hereto the said satisfaction, and your orator also annexes hereto the original notes given by the defendant to the said Vincent Ridgely and also the original note given by the said defendant to the said Ella E. Chamberlain;" that "the said W. T. Boyd did not sell the said premises in his lifetime, and the same are now the property of the defendant, but the said W. T. Boyd in addition to the amounts paid by him as aforesaid to the holders of the said mortgages also expended in the payment of taxes on the said mortgaged premises and in payment for labor bestowed on the buildings thereon upwards of the sum of One Hundred and Fifty Dollars for which he is entitled to a lien under the terms of the said instrument given him by the said defendant;" that W. T. Boyd died on October 20, 1912, and complainants quali-

fied as his administrators; that the said W. T. Boyd "by reason of the payment by him of the aforesaid mortgages is entitled in equity to be subrogated to the rights of the respective mortgagees and is also entitled under the terms of the instrument, Exhibit 'C' hereto to a lien on the mortgaged premises for the amount of the taxes and disbursements for labor performed thereto, and your orators as administrators of the said W. T. Boyd are entitled to enforce the said mortgages, and each of them, and also to enforce a lien against the mortgaged premises for the amount of the said taxes and the amount paid by the said W. T. Boyd for labor on the mortgaged premises and they are advised that they are entitled to an accounting with the defendant to ascertain the amounts due, and to a decree in default of the payment thereof within a short time to be fixed by the court that the defendant be barred and foreclosed of all interest or equity of redemption of in and to the mortgaged premises, and that the said mortgaged premises be sold for the satisfaction of the amount ascertained to be due on such accounting together with the costs of this proceeding including reasonable solicitors' fees in accordance with the usual practice of this Honorable Court in such cases."

The prayer is for an accounting and payment through sale if necessary and for general relief.

To this bill of complaint the following demurrer was interposed:

"1.   That there is no equity in complainants' bill of complaint.

2.   Because complainants in their said bill of complaint have not alleged such matters and things therein, or shown such matters and things by the exhibits attached to said bill of complaint and made a part thereof, as entitles said complainants to be subrogated to the rights of Vincent

Ridgely and Ella C. Chamberlain, the original mortgagees mentioned in the two certain mortgages sought to be foreclosed by said bill of complaint.

3. Because so far as appears from the allegations of complainants' bill of complaint and the exhibits attached thereto, and made a part thereof, it appears that the said W. T. Boyd was a mere volunteer in paying off and discharging those two certain mortgages made, one to Vincent Ridgely and the other to Ella C. Chamberlain.

4. Because it appears from complainants' bill of complaint and the exhibits attached thereto and made a part thereof, that a part of the mortgage indebtedness secured by the mortgages sought to be foreclosed by said bill of complaint was paid and discharged prior to the execution by this defendant of the Power of Attorney to W. T. Boyd, which is attached and made a part of the complainants' bill of complaint, and complainants failed to allege in their said bill what amounts or upon what dates the alleged payment or payments were made by W. T. Boyd on the indebtedness of said mortgages.

5. Because the allegations of said bill of complaint attempting to show subrogation to the rights of the said Vincent Ridgely and Ella C. Chamberlain are mere conclusions of law.

6. Because said bill of complaint does not show that the said W. T. Boyd had any interest in the said mortgages, the mortgage indebtedness or the mortgaged premises, or that this defendant requested him to pay the said mortgages or that there was any contract or understanding between this defendant and W. T. Boyd that he should pay the same.

7. Because there is no allegation in said complainants' bill of complaint that the said W. T. Boyd, under the

power of attorney mentioned in said bill and thereto attached and made a part thereof, ever sold or in any way disposed of said mortgaged premises."

On this demurrer the following order was made:

"The demurrer of the defendant to the bill of complaint in the above cause coming on this day to be heard, and the Court having heard the argument of counsel for the complainants and the defendant, and the Court being advised,

*It is Ordered, Adjudged and Decreed* that the said demurrer be and the same is hereby sustained upon all grounds of said demurrer, and complainants given leave to amend bill if they so desire." The complainants appealed from this order and assigned it as error.

A general demurrer to a bill in equity as an entirety should not be sustained if any relief may properly be granted in accordance with the allegations and prayers. See Roberts v. Cypress Lake Naval Stores Co., 58 Fla. 514, 50 South. Rep. 678; Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 South. Rep. 599; Porter v. Taylor, 64 Fla. 100, 59 South. Rep. 400.

It is clear that Boyd was not a mere volunteer in paying the indebtedness of his *cestui que trust,* since the payment of such indebtedness was the purpose for which the power of attorney was executed to Boyd.

Even if Boyd is not entitled to be subrogated to the rights of the mortgagees, and even though he paid a portion of the indebtedness before the power of attorney was executed, and even though Boyd did not before his death sell the land as he was authorized to do, his administrators are entitled to an equitable adjustment of his rights growing out of his *bona fide* transactions in so far at least as

they were in substantial pursuance of the authority given him by the power of attorney.

The order sustaining the demurrer is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.