N. W. FRIDDLE, as administrator of the Estate of C. S. Friddle, sometimes known as W. E. ESTIS, deceased, v. ANNA M. STEWART.

176 So. 750.
Division B.
Opinion Filed November 4, 1937.

*Worley & Gautier* and *Talbot Whitfield, Jr.,* for Appellant;

*John E. Holland* and *George W. Wood,* for Appellee.

CHAPMAN, J.—The parties will be referred to herein as they appeared in the court below as plaintiff and defendant. On August 13, 1935, plaintiff filed in the Circuit Court of Dade County, Florida, her bill of complaint alleging, among other things: That her husband nine years prior to date of filing her bill of complaint deserted her and during the month of January, 1927, she and W. E. Estis, now deceased, formed a co-partnership and established a business and were equally interested; the business was profitable and the parties accumulated and earned money and property in their lunchstand, with soft drinks, gasoline station and fishing tackle store and equipment located seven miles west of Miami, on the Tamiami Trail; that all the real and personal property from date of forming the partnership until the death of W. E. Estis was in possession of the partnership; that the death of W. E. Estis terminated the partnership by operation of law, and the relief sought is (a) divide the partnership assets;. (b) appoint a receiver; (c) enjoin an unlawful disposition of the partnership property; (d) an early distribution among the parties of the assets of the partnership.

On September 12, 1935, defendant's representative filed an answer to the bill of complaint and denied the partnership agreement or any advancement thereto by plaintiff and charged that deceased did operate a lunch stand as described in the bill of complaint and that plaintiff worked therein, and admits the accumulation of property without the aid or assistance of plaintiff.

It was admitted that $4,434.00 in cash was found about the business, but plaintiff had no interest therein, or any interest in any other property owned by the deceased at the time of his death. That all the property was owned by the

deceased at the time of his death and the bill of complaint should be dismissed.

The Chancellor below heard the evidence offered by the respective parties and among the witnesses for plaintiff were A. B. White and John Holland, attorneys practicing at the bar in Miami, and testifying to have represented the parties in different litigation since 1927, and the parties admitted the partnership agreement and a further discussion about a divorce on the part of the plaintiff so she could marry W. E. Estis, and after marriage take a trip to Alabama. It seems visitors from time to time and neighbors in that vicinity testified to the relationship between the parties and discussed from time to time the ownership of the business and property.

It is true the defendant offered some contradictory evidence, but the probative weight and value thereof was insufficient to overcome the evidence of the plaintiff and a final decree was entered by the lower court finding the equities of the cause with the plaintiff and decreed a division of the money. From this decree an appeal was taken here and a number of assignments of error presented. The Chancellor heard the evidence, observed the witnesses, had a knowledge, generally, of the property and the parties and with these facts before him entered the decree appealed from. The rule controlling this Court as applied to this suit is that before a reversal can be made it must affirmatively appear that the lower court abused his discretion and this we cannot say occurred when the entire record and all the evidence is considered. In the case of Farrington v. Harrison, 95 Fla. 769, text page 770, 116 Sou. Rep. 497, this Court said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evi-

dence is heard by him. and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

"On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

It is argued here that the decree should be reversed because a partnership cannot exist between a married woman and some other individual. In support thereof the cases of DeGraum v. Jones, 23 Fla. 83, 6 Sou. Rep. 925, and Virginia-Carolina Chemcial Co. v. Fisher, 58 Fla. 377, 50 Sou. Rep. 504, are cited. . Consideration has been given to these authorities and at the same time they do not conflict with the decree appealed from as they dealt with the capacity of a married woman to become a member of a partnership and her contract liabilities on the partnership obligations. In the case of Porter v. Taylor, 64 Fla. 100, text p. 104, 59 Sou. Rep. 400, this Court said:

"While a married woman not a free dealer may not bind herself personally by partnership agreements or become personally liable for partnership obligations, yet she may permit others to act for her as her agent; and when an

agency for a married woman in fact exists or the property of a married woman is held or used by another she may take possession of or recover her property. She may also require an accounting, and where the circumstances warrant it, the proceeding may be in equity. See Irvin v. Epstein, 45 Fla. 370, 33 South. Rep. 1003."

In LeNoir v. McDaniel, 80 Fla. 500, text p. 507, 86 Sou. Rep. 435, this Court, in discussing the property rights of a married woman and her interest in a co-partnership, said:

"But it is insisted by the defendant that the agreement was void *ab initio*. That in the last ground of his general demurrer, and as if by way of explanation as to why the agreement was void *ab initio* it is pointed out in the other grounds of the demurrer that the agreement was a co-partnership agreement and as a married woman cannot enter into a co-partnership agreement, cannot become a member of a partnership, it is argued in the brief of appellee that the agreement was void, and therefore there is no agreement to be specifically enforced. It is true that a married woman by reason of her disability of coverture cannot make a valid contract of co-partnership, but she may acquire an interest in a mercantile business, she may invest money or other property in such business and such interest will be her separate property and subject to be charged in equity and sold under Section 2 of Article XI of the Constitution."

In Nadel v. Weber Bros. Shoe Co., 70 Fla. 218, text p. 223, 70 Sou. Rep. 20, L. R. A. 1916D 1230, this Court said:

"Her so-called partner cannot by any act of his obligate her to the payment of partnership debts so that such debts may be a charge upon her separate property in equity, but she may by her own act, upon her sole credit, purchase goods for the business in which she is interested and her separate property may be subjected in equity to the payment

of debts so contracted by her. Although a married woman by reason of her disability of coverture cannot make a valid contract of co-partnership, she may acquire an interest in a mercantile business, she may invest money or other property in such business, and such interest will be her separate property and subject to be charged in equity and sold under Section 2 of Article XI of the Constitution."

The second ground for a reversal of this cause is that the plaintiff has violated and is now guilty of violating the maxim, to-wit, "He who comes into equity must come with clean hands." In support thereof the case of Dale v. Jennings, 90 Fla. 234, 107 Sou. Rep. 175, and Tampa & J. R. Co. v. Catts, 79 Fla. 235, 85 Sou. Rep. 364. We have examined these authorities and fail to see their application to the facts involved here.

We feel that substantial justice was administered by the Chancellor below in the entry of the decree appealed from and the same, accordingly, is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.