**ADVISORY OPINION TO THE GOVERNOR**

12 So. (2nd) 583                                      January Term, 1943
March 18, 1943                                                En Banc

PER CURIAM:

SUPREME COURT OF FLORIDA
Rivers Buford, Chief Justice
Tallahassee

| Division A | March 17, 1943 | Division B |
|---|---|---|
| Justices | | Justices |
| Glenn Terrell | | Armstead Brown |
| Roy H. Chapman | | Elwyn Thomas |
| Alto Adams | | Harold L. Sebring |
| Guyte P. McCord, | | R. S. Williams, |
| Clerk | | Marshal |

Honorable Spessard L. Holland
Governor of Florida

Sir:

We have your request for the opinion of the Justices of this Court as authorized by Section Thirteen of Article Four of the Constitution, as follows:

"March 12, 1943

"To The Honorable, The Chief Justice,
and Justices of the Supreme Court
of the State of Florida

"Gentlemen:

Sections 12, 17 and 21 of Article III of the Constitution of this State, provide that the journals of the respective branches of the Legislature shall contain certain entries indicating the progress and action upon pending legislative proposals.

"Throughout the history of this State, so far as I have been able to determine, the custom and continuing policy followed by the Legislature has been to set out in full upon the journals the title of each pending bill each time any action is taken thereon. Under this system, in the usual progress of a bill, the title thereof appears printed in full approximately twenty times. Since legislative printing is contracted for on a per page basis, and in view of the large number of bills necessary to be considered, of which the court will take

judicial knowledge, the consequence is that the cost of printing runs into large figures.

"The President designate of the Senate and the Speaker designate of the House of Representatives of the 1943 session of the Legislature informed me that a joint committee of the two branches has made a study of the possibilites of effecting economy in the matter of legislative printing, and. will recommend the adoption of a joint rule abolishing the practice of having the journals show the title of all pending bills in full at each step of their progress, and of a rule under which titles shall be printed in full only at the time of introduction, the time of receipt from the branch in which it originated, and the time of final passage, all other reference to such bills or joint resolutions, to be by number only, with a condensed statement of the subject matter sufficient to identify it.

"I am in hearty accord with the contemplated plan and enthusiastically commend both the spirit thereof and the work of those members of the Legislature who have evolved it.

"Because of the great importance of this matter to the public generally, in that a departure from the customs and practices in this regard which have been considered by this court, and as to which certain rules have been established, might have unfortunate results, I deem it highly desirable that an authoritative opinion be obtained, if possible, as to the propriety and validity of the contemplated plan.

"Since Section 28 of Article III of our Constitution provides, among other things, that every bill passed by the Legislature shall, before becoming a law, be presented to the Governor, who shall sign it if he approves it. but if he does not approve it, shall return it, with his objections, to the House in which it originated, I am assuming, for the purpose of this request, that the Governor not only may, but is in duty bound to disapprove a bill in connection with which the requirements of the Constitution as to journal entries have not been complied with, and in so doing would be exercising a quasi-executive, as well as a quasi-legislative, power

and/or duty, both appertaining to his office as Chief Executive of the State.

"I, therefore, have the honor to request, as I am permitted to do under Section 13 of Article IV of the Constitution, your written opinion as to whether or not it would be my duty to disapprove a bill passed by the Legislature, and submitted to me under "Section 28 of Article III, supra, upon the ground that the journal entries with reference thereto, showed the full title thereof only upon introduction, receipt of the same from the house of origin, and at the time of final passage, all other journal references to be by number only, with a condensed statement of the subject matter sufficient to identify it.                                    "Very respectfully,

"SPESSARD L. HOLLAND,
"Governor"

Summarized, you request advice as to your executive powers and duties when a bill passes both houses of the Legislature and is submitted to you for approval or disapproval as required by Section Twenty-eight of Article III of the Constitution. The direct question you propound is whether or not it would be your duty to disapprove such a bill if the journal entries show the title in full at the time it was introduced, at the time it was received by the House other than that in which it originated, and at the time of its final passage, all other reference to it being by number with appropriate identity to the subject matter of the bill.

A majority of the Court are of the opinion that the duty imposed on the Governor under Section Twenty-eight of Article III of the Constitution is executive rather than legislative as may be presumed from dicta in In Re Eecutive Communication 23 Fla. 297, 6 So. 925, involving a pure question of legislative and not judicial determination. The answer to your question therefore turns on the interpretation of Section Twelve of Article III of the Constitution which requires that "each House shall keep a journal of its own proceedings which shall be published, and the yeas and nays of the members of either House on any question shall, at the desire of any five members present be entered on the Journal."

It necessarily follows that the requirement to keep and publish a Journal and to record the yeas and nays on any question when requested by five members present is mandatory on both houses. In all other respects, the contents and publication of the journal may be governed by Rule and thereby enlarged or abbreviated within the discretion of either house.

You are accordingly advised that if the journal entries show the title in full at the time of introduction, at the time it was received by the House other than that in which it originated, and at the time of its final passage, the requirement of Section 12 of Article III of the Constitution is fully complied with. A different rule would apply to proposed constitutional amendments since they are governed by Section 1 of Article XVII of the Constitution.

RIVERS BUFORD,
Chief Justice

GLENN TERRELL
R. H. CHAPMAN
ALTO ADAMS
Justices.