Mr. Carlos Lidsky City Attorney City of Sweetwater
QUESTION:
May the City of Sweetwater create the position of City Manager or Administrator, who is responsible to the city council, and not the mayor, by ordinance without a referendum?
SUMMARY:
In the absence of any special law or charter otherwise providing, the governing body of the City of Sweetwater may create by ordinance, without a referendum, the position of City Administrator or City Manager responsible to the city council and not to the mayor.
On October 10, 1941, a group of registered voters, pursuant to the authority granted by ch. 165, F.S. 1941, incorporated the Town (now City) of Sweetwater. No charter per se was provided at the time of incorporation, and no such document has subsequently been adopted. The municipality has thus been operating since the time of its incorporation pursuant to the powers granted to municipalities by general law and a series of approved special laws relating specifically to the Town (now City) of Sweetwater.See, e.g., chs. 165, 166, 167, 168, 169, 172, 174, 176, 178, 181, 183, and 184, F.S. (1971), and chs. 49-26469, 55-31288, Laws of Florida. In 1949, the state Legislature in order to lay to rest questions concerning the validity of Sweetwater's incorporation pursuant to ch. 165, F.S. 1941, enacted ch. 49-26469, Laws of Florida, which validated and confirmed the incorporation of the Town of Sweetwater; and all ordinances, resolutions, acts and doings of the town theretofore passed, adopted, performed and done, which would have been competent for the town to pass, adopt, perform and do, if a legally incorporated town, were also validated and confirmed.
Section 165.04, F.S. (1971), derived from s. 2, ch. 67-159, Laws of Florida, s. 3, ch. 47-23656, Laws of Florida, s. 2938, 1927 Compiled General Laws of Florida, s. 1828, 1919 Rev. Gen. Stat., s. 1002, 1906 Gen. Stat., s. 661, 1892 Rev. Stat., s. 4, 1869 ch. 1688, Laws of Florida, was repealed by ch. 74-192, Laws of Florida. This section formerly provided, among other things, that `the government of the city' was vested in a group of elected aldermen, `known as the city council.' Section 165.11, F.S. 1971, required all ordinances passed by the city council to be submitted to the mayor for his approval and gave the mayor the power to veto ordinances. A two-thirds vote by the council was required to override such veto. Section 165.10, F.S. 1971, prohibited the mayor from serving as president of the city council. No provision of former ch. 165, F.S., or the aforecited special laws prescribed or vested in the mayor any administrative or executive duties or powers. In exercising the veto power the mayor exercises or performs a part of the lawmaking or legislative power, not the law-executing or executive power. Cf. In re Executive Communication Concerning Powers of Legislature, 6 So. 925 (Fla. 1887); AGO 067-55; and see 62 C.J.S. Municipal Corporations s. 422c., 5 McQuillan, Municipal Corporations s. 16.42 (1969). Thus, the form of government prescribed by the general laws in effect at the time of incorporation of Sweetwater and at the time its incorporation under the general laws was validated and confirmed by the Legislature was one in which the sovereign power was vested in the city council. This form of government is known as the aldermanic or councilmanic type of government. See 2 McQuillan,The Law of Municipal Corporations s. 9.12 (1979); AGO 077-135. While s. 168.01, F.S. (1971), required the mayor to see that the ordinances of the city or town council were faithfully executed and authorized him, with the consent of the council, to organize and appoint a police force, and s. 168.02, F.S. 1971, empowered him to have brought before him any person charged with a breach of city or town ordinances, the mayor was not made a member of the council nor was he delegated the duty and authority by statute to be the chief administrative officer of the city or town. The only special acts relating to the form or structure of the municipal government of Sweetwater that my research has revealed are chs. 53-29544 and 53-29546, Laws of Florida, which abolished the office of town marshal and in his stead provided for the appointment of a chief of police by the mayor, with the majority consent of the town council; ch. 55.31289, Laws of Florida, which changed the elected town clerk to an appointed position; and ch. 55-31288, Laws of Florida, which increased the term of office of the mayor to 2 years. My research has not revealed nor have you brought to my attention any other general or special law which affects the form of government of Sweetwater or the governmental powers vested by law in the council or mayor. In 1960, the town council adopted Ordinance No. 311, approved by the mayor, which designated the mayor as the Town Manager and Chief Administrator of the Town of Sweetwater. The mayor was granted the authority of this ordinance to hire and dismiss for just cause all employees of the town.
In 1973, the state Legislature enacted the Municipal Home Rule Powers Act, ch. 166, F.S., which granted to municipalities board home rule powers. For example, s. 166.021(1), F.S., of the Act, among other things, provides that municipalities `may exercise any power for municipal purposes, except when expressly prohibited by law.' Section 166.021(4), F.S., further provides that the provisions of s. 166.021 shall be construed so as to secure for municipalities the broad exercise of home rule powers granted by the Constitution, and to extend to municipalities the exercise of powers not expressly prohibited by the Constitution, general or special law, or in charter counties by the county charter, and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited.
Part of the Municipal Home Rule Powers Act, s. 5, ch. 73-129, Laws of Florida, repealed chs. 167, 168, 169, 172, 174, 176, 178, 181, 183, and 184 of the Florida Statutes. This repeal as set forth in s. 166.042, F.S., is not to be interpreted as a limitation or restriction on the powers of municipal officials, but should be interpreted as a recognition of constitutional powers granted to municipalities. The former ch. 165, F.S. 1971, was repealed by ch. 74-192, Laws of Florida, and replaced by the present ch. 165, F.S., the `Formation of Local Governments Act.' Thus, pursuant to the Home Rule Powers Act and the Constitution, all governmental, corporate and proprietary powers are vested in the governing body of the municipality. Limitations upon the legislative and governmental powers vested in the governing body of a municipality must be contained in a special law or municipal charter (see s.166.021(4), F.S.), or in the Constitution (see s. 166.021(3) and (4), F.S.). As stated by the Florida Supreme Court in State v. City of Sunrise, 354 So.2d 1206, 1209 (Fla. 1978), `statutes are relevant only to determine limitations of authority.' The executive or quasi-judicial powers granted to the mayor by former ch. 168, F.S. 1971, which do not consist of or necessarily conflict with the activities or functions of a municipal administrator, were divested by its repeal by ch. 73-129, Laws of Florida, codified as s. 166.042, F.S. Thus, any restriction upon the council that would prevent it from divesting the mayor of any administrative or executive functions (which at the present time are delegated to him by ordinance) must be contained in a special law or municipal charter. Cf. s. 166.031(5), F.S., which empowers the governing body of a municipality to abolish municipal departments provided for in a municipal charter. Section166.021(4), F.S., contains no limitations upon a municipality's power over appointive municipal officers, such as administrative officers, or the duties or powers of such officers. Therefore, pursuant to s. 166.021(4), F.S., and s. 2(b), Art. VIII, State Const., the governing body of Sweetwater possesses the power to create and abolish appointive offices and to prescribe the duties, powers, and responsibilities of such appointive offices and officers. Cf. AGO 080-97. It appears from the materials supplied to this office along with my research of the special laws relating to the Town (now City) of Sweetwater that no existing special law or charter provision grants to or vests in the mayor the executive or administrative power of the municipality; the mayor apparently assumes his duties and responsibilities as Chief Administrator or City Manager of Sweetwater pursuant to an ordinance, Number 311, adopted June 13, 1960.
Prepared by: Craig Willis, Assistant Attorney General